2006-NMCA-148

149 P.3d 108

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Kenneth MARTINEZ, Defendant– Appellant.**

**No. 23,710.**

Court of Appeals of New Mexico.

Oct. 26, 2006.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Sue A. Herrmann, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

FRY, Judge.

{1} Defendant Kenneth Martinez appeals his conviction for solicitation of aggravated burglary on the basis that the trial court committed reversible error when it excluded testimony from five defense witnesses who were prepared to offer their opinion or knowledge of Defendant's reputation for honesty and truthfulness. Defendant argues that under Rules 11–404(A)(1) and 11–608 NMRA, such evidence should have been admitted. We agree with Defendant and reverse his conviction on the ground that the trial court's exclusion of evidence of Defendant's character for honesty and truthfulness was reversible error. We remand for a new trial.

## BACKGROUND

{2} Defendant worked as a paid police informant. On January 5, 2002, Defendant aided in the arrest of Arturo Torres, who was suspected of being involved in a burglary that occurred on December 8, 2001, in Silver City, New Mexico. Defendant helped police arrest Torres by luring him out of hiding with a story that Defendant wanted Torres to help him buy drugs. Police set up a traffic stop and arrested Torres. Shortly after his arrest, Torres implicated Defendant in the burglary. As a result, Defendant was arrested and charged with solicitation of aggravated burglary. Torres testified against Defendant at trial under a grant of use immunity.

{3} The State's theory was that Defendant solicited Torres to burglarize the house of Marilyn Berry, the mother of Defendant's then-girlfriend. Berry lived at a different house on the same street as the house that was burglarized. Defendant indicates in his brief in chief that "[b]oth ... [the house that was burglarized] and ... [the Berry house] are the second houses on the left from the [nearest] intersection. One house was south of the intersection ... and one house was north of the intersection." Thus, the State theorized that Torres mistook the house he actually burglarized for Berry's house, which was Defendant's alleged target in soliciting Torres to commit the burglary.

{4} The State used Berry's testimony about her relationship with Defendant to establish Defendant's motive for soliciting the burglary. Berry testified at trial that she did not like Defendant because he and her daughter, Linda, argued and created a "stressful situation." Defendant stayed four to five weeks in Berry's home in 2001, and on December 6, 2001 (two days before the burglary in question), according to Berry's trial testimony, Defendant came to her home to pick up his things and he argued with Linda. Berry told Defendant to leave, and he told Linda she would be sorry, that it would do no good to lock her doors, and that he could get in any time he wanted.

{5} Defendant wanted to call five witnesses in his defense who would testify as to his general reputation and their opinion of Defendant's character for truthfulness and honesty. The State objected on grounds that Rule 11–404 prohibited character evidence and that Defendant did not come under the rule's exception because his character for truthfulness and honesty was not pertinent to the charge he faced. The State made a motion in limine to exclude such testimony.

{6} The trial court heard argument from both the State and Defendant prior to trial and reserved judgment on the motion in limine until after the State had presented its case in chief. At that time, the trial court inquired what Defendant was intending to offer. Defendant explained that his witnesses would testify as to his character for truthfulness and honesty. Defendant argued that, under the (A)(1) exception to Rule 11–404, whether Defendant was someone who would lie or steal was a pertinent trait, and opinion evidence on this trait should be admitted. The trial court ruled for the State and excluded all five of Defendant's proposed witnesses on the basis that Defendant's character for truthfulness and honesty was not pertinent. The court stated,

> [a]t this point I will grant the motion [for the State]. I don't see what it has to do with what we're dealing with today. Yes, it's a question of whether they believe Mr. Martinez or Mr. Torres, and I don't think that has anything to do with any kind of particular character trait.

{7} The jury returned a verdict convicting Defendant of solicitation of aggravated burglary. Defendant appeals his conviction.

## DISCUSSION

{8} On appeal, Defendant argues that the trial court's exclusion of opinion testimony about Defendant's character for truthfulness and honesty was reversible error on the basis of two alternative theories. First, Defendant contends that under Rule 11–404(A)(1), he should have been allowed to introduce evidence of his good character for truthfulness and honesty because such character traits are relevant to the charge of solicitation of aggravated burglary. Alternatively, Defendant argues that under Rule 11–608, he should have been permitted to introduce witnesses to rehabilitate his credibility, which he claims was attacked by the prosecutor.

{9} For the reasons that follow, we conclude the trial court misapprehended the analysis to be applied under Rule 11–404(A)(1). Because of this legal error, we reverse Defendant's conviction, and we need not address his arguments under Rule 11–608.

## Standard of Review

■ {10} Generally, we review the trial court's exclusion of evidence for abuse of discretion. *State v. Worley*, 100 N.M. 720, 723, 676 P.2d 247, 250 (1984). "However, our review of the application of the law to the facts is conducted de novo." *State v. Elinski*, 1997–NMCA–117, ¶ 8, 124 N.M. 261, 948 P.2d 1209.

## Rule 11–404(A)(1)

{11} Rule 11–404(A)(1) states in part:

A. **Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) **Character of accused.** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same.

Under the rule, the focus in determining admissibility is whether the character trait in question is pertinent. Defendant is advocating that his character for honesty and truthfulness is pertinent to the charge he faced. At issue is a multi-layered charge of solicitation of aggravated burglary. Because the charge is multi-layered, we first determine whether character for honesty and truthfulness is pertinent to aggravated burglary, which is the underlying crime, and if so, whether those traits are pertinent to solicitation of aggravated burglary.

## Defendant's Character for Honesty and Truthfulness is Pertinent to the Charge of Aggravated Burglary

■ {12} The issue of whether a defendant's character for honesty and truthfulness is pertinent to a charge of burglary or aggravated burglary is an issue of first impression. Because Rule 11–404 is similar to its federal counterpart, Federal Rule of Evidence 404, federal law interpreting the rule is instructive. *State v. Lopez*, 1997–NMCA–075, ¶ 10, 123 N.M. 599, 943 P.2d 1052 ("Because of the similarities between the rules, federal case law and legislative history are instructive in interpreting the state rule.").

{13} In general, both the New Mexico Rules of Evidence and the Federal Rules of Evidence prohibit the use of character evidence to prove actions in conformity therewith. Rule 11–404; Fed.R.Evid. 404. A criminal defendant is allowed to introduce pertinent traits of his good character under the exception in Rule 11–404(A)(1) out of concern for fairness. *See United States v. Pujana–Mena,* 949 F.2d 24, 30 (2d Cir.1991) ("The justification appears to be based on notions of fairness rather than logic; the defendant who, with the considerable forces of the government arrayed against him and who may have little more than his good name to defend himself, should not be precluded from presenting even such minimally probative evidence.").

{14} The word "pertinent" in Rule 11–404(A)(1) has been interpreted to be synonymous with "relevant." *See United States v. Angelini,* 678 F.2d 380, 381 (1st Cir.1982). Rule 11–401 NMRA defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence offered under Federal Rule of Evidence 404(a)(1) is subject to a "lower threshold of relevancy to character evidence than that applicable to other evidence." *United States v. Han,* 230 F.3d 560, 564 (2d Cir.2000).

{15} We have recognized that a defendant charged with a crime of dishonesty may call witnesses to testify as to the defendant's character for honesty and truthfulness, or a defendant charged with committing violent crimes may call witnesses to testify as to the defendant's good character for peacefulness. *State v. Melendrez,* 91 N.M. 259, 261, 572 P.2d 1267, 1269 (Ct.App.1977) ("A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not."); *see also State v. Hortman,* 207 Neb. 393, 299 N.W.2d 187, 190 (1980) ("In a criminal action, pertinent traits are those *involved* in the crime on trial, e.g., honesty in theft cases, or peacefulness in murder cases." (emphasis added)).

{16} Under existing New Mexico law, theft crimes impugn a defendant's character for truthfulness. *Melendrez,* 91 N.M. at 261, 572 P.2d at 1269. In *Melendrez,* this Court held that shoplifting was a crime of dishonesty because it involved cheating or stealing, which reflected negatively on the defendant's veracity. *Id.* We reasoned that, "[i]n common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on man's honesty and integrity." *Id.*

{17} Given that a defendant's character for truthfulness is relevant to theft crimes, it follows that it is also relevant to burglary when the underlying felony of the burglary is a theft. In New Mexico, aggravated burglary is defined as "the unauthorized entry of any ... dwelling or other structure ... with intent to commit any felony or theft therein and the person ... after entering, arms himself with a deadly weapon." NMSA 1978, § 30–16–4 (1963). Aggravated burglary necessarily requires intent to commit a theft or any felony. In this case, Defendant was charged with soliciting aggravated burglary with theft as the underlying felony. Because theft is a crime of dishonesty, and because the purpose of the burglary was to commit a theft, we hold that the aggravated burglary charged in this case was a crime of dishonesty.

### Defendant's Character for Truthfulness and Honesty is Pertinent to the Charge of Solicitation of Aggravated Burglary

{18} Defendant was charged only with solicitation of aggravated burglary, not the aggravated burglary itself. Thus, the discrete issue in this case is whether the trial court should have considered the charge of solicitation alone or the solicitation plus the underlying substantive crime when determining what character traits of the accused were pertinent. This is also an issue of first impression in New Mexico, and we have found no cases in any jurisdiction—nor has either party pointed us to any cases—that are directly on point.

{19} The State argues that Defendant's character for truthfulness and honesty is not a pertinent trait to the crime of criminal

solicitation. Relying on the solicitation statute, NMSA 1978, § 30–28–3 (1979), and the uniform jury instruction for solicitation that was given at trial, UJI 14–2817, the State argues that nothing required the State to prove and the jury to find that Defendant engaged in dishonest or deceitful conduct.

{20} The State is correct that solicitation in isolation is not dishonest; one who solicits a crime does not deceive the person he or she solicits. However, the State's argument ignores the fundamental nature of criminal solicitation. Solicitation without a substantive underlying crime is not a crime. Solicitation requires that a criminal act or omission be solicited.

{21} Prosecutable crimes consist of both a physical act (actus reus) and a mental component (mens rea). *See* 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.1 (2d ed. 2003) ("It is commonly stated that a crime consists of both a physical part and a mental part; that is, both an act . . . and a state of mind."). "For the crime of solicitation to be completed, it is only necessary that the actor with intent that another person commit a crime, have enticed, . . . or otherwise encouraged that person to commit a crime." 2 LaFave, *supra*, at § 11.1. The actus reus of solicitation is the solicitation itself and the crime is complete once the asking, enticing, or encouraging is done. The mens rea of solicitation, however, is more complicated.

{22} The language of the New Mexico solicitation statute states that "a person is guilty of criminal solicitation if, *with the intent that another person engage in conduct constituting a felony,* he solicits . . . another person to engage in conduct constituting a felony." § 30–28–3 (emphasis added); *see also* 2 LaFave, *supra*, at § 11.1(c) ("[T]he acts of commanding or requesting another to engage in conduct which is criminal would seem of necessity to require an accompanying intent that such conduct occur, and there is nothing in the decided cases suggesting otherwise."). Solicitation is a crime of "specific intent," a "special mental element which is required above and beyond any mental state required with respect to the actus reus of the crime." 1 LaFave, *supra*, at § 5.2(e) (emphasis omitted). Thus, we impute the intent of the underlying crime to the person who solicits that crime.

{23} In this case, the jury had to consider Defendant's intent in soliciting the underlying crime. The State had to show that Defendant solicited Torres to break into a home and steal. The crime that Defendant allegedly solicited to be committed, stealing from another person, is dishonest and deceitful in nature. Because the jury was considering the intent of the Defendant to solicit a crime of dishonesty, Defendant's character for truthfulness and honesty became a pertinent trait. Therefore, it was error to exclude testimony as to Defendant's character for truthfulness and honesty.

## The Trial Court's Erroneous Exclusion of Admissible Evidence Was Not Harmless Error

{24} Finally, we consider whether the exclusion of the character evidence constituted harmless error. "Error in the exclusion of evidence in a criminal trial is prejudicial and not harmless if there is a reasonable possibility that the excluded evidence might have affected the jury's verdict." *State v. Balderama*, 2004–NMSC–008, ¶ 41, 135 N.M. 329, 88 P.3d 845. Thus, we consider whether there is a reasonable possibility the trial court's exclusion of five character witnesses prepared to testify as to Defendant's good character for truthfulness and honesty might have contributed to Defendant's conviction for solicitation of aggravated burglary.

{25} The State presented testimony from members of the Silver City Police Department, Berry, and Torres. While Berry and the police officers who testified explained a possible motive for Defendant or corroborated Torres's story, Torres was the only witness who claimed to have first-hand knowledge of Defendant's alleged act of solicitation. Therefore, the case was basically a credibility match between Defendant and Torres, each of whom claimed to be telling the true version of the facts.

{26} In some cases, a defendant who testifies has the opportunity to cure the error that results when other witnesses' testimony is wrongfully excluded; that is, a defendant

may be able to present facts that the excluded witnesses' testimony would have revealed. *See Han,* 230 F.3d at 564 (holding error of excluding character evidence on the defendant's character to form intent was harmless because the defendant testified as to intent and the jury had direct evidence). Unlike the case in *Han,* Defendant in this case did not have the opportunity to cure the error of excluding the character evidence. Here, Defendant testified as to his side of the story, whereas the excluded evidence would not have gone to the actual facts of the case, but rather to Defendant's character for honesty and truthfulness.

{27} The character evidence that Defendant sought to introduce may have bolstered the credibility of Defendant to the point that the jury may have believed Defendant's version of the facts over Torres's. This being the case, there is a reasonable possibility that the exclusion of Defendant's character evidence contributed to Defendant's conviction. Therefore, the exclusion of Defendant's evidence cannot be considered harmless.

**CONCLUSION**

{28} For the foregoing reasons, we reverse Defendant's conviction and remand for a new trial.

{29} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and IRA ROBINSON, Judges.