2007-NMCA-099

164 P.3d 1024

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Patrick W. COLE, Defendant–Appellee.**

**No. 26,381.**

Court of Appeals of New Mexico.

June 15, 2007.

Gary K. King, Attorney General Santa Fe, NM, Steven S. Suttle, Assistant Attorney General, Albuquerque, NM, for Appellant.

John Bigelow, Chief Public Defender, Vicki W. Zelle, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

BUSTAMANTE, Judge.

{1} This case requires us to decide whether the district court properly dismissed the charge of bringing contraband into jail where law enforcement arrested Defendant and brought him into a detention facility while he possessed the alleged contraband. We conclude that, under these circumstances, the actus reus element of the crime is not met because Defendant did not voluntarily enter the detention facility. Accordingly, we affirm.

## BACKGROUND

{2} The facts of this case are not in dispute. On July 24, 2005, Patrick W. Cole (Defendant) was arrested and charged with driving under the influence of intoxicating liquor or drugs, contrary to NMSA 1978, § 66–8–102(C) (2005). Following his arrest, Defendant was taken in handcuffs to the Doña Ana County Detention Center (DACDC). Once law enforcement brought Defendant into the DACDC, he was presented with a questionnaire that asked if he had any drugs or weapons on his person. The form stated, in relevant part:

> You've indicated that you have no weapons, drugs, [or] anything that will hurt me during this search, etc. [sic] on your person or in your possession (Other than what you've told me). If you tell me now about any such items, if illegal, you may be charged with their possession. If you do not tell me now and I find them during this search, you will not only be charged with their possession, but [you] will also be charged with Introducing Contraband into a Detention Facility[.]

Defendant indicated that he did not have any drugs or weapons on him and signed the questionnaire. The booking officer then searched Defendant and found a small bag of marijuana in his pocket.

{3} On August 16, 2005, Defendant was charged by criminal information with, among other things, bringing contraband into jail, contrary to NMSA 1978, § 30–22–14(B) (1976). On September 22, 2005, Defendant filed a motion to dismiss the charge. Defendant argued in the motion that, under this Court's decision in *State v. Gonzalez*, 2005–NMCA–031, ¶ 18, 137 N.M. 107, 107 P.3d 547, the crime of bringing contraband into jail is not a strict liability offense. Defendant further asserted that the actus reus element of the crime of bringing contraband into jail was lacking in his case. More specifically, Defendant maintained that the introduction of the marijuana into the DACDC was not the result of a voluntary act on his part because he was under arrest and had no choice but to enter the jail.

{4} The State filed a response to Defendant's motion in which it argued that, under *Gonzalez*, Defendant need only have had knowledge of his possession in order to be guilty of the crime of bringing contraband into jail. The State further asserted that Defendant's argument was essentially an attempt to add another mens rea element requiring that Defendant voluntarily enter the jail, which was not supported by the statute or by *Gonzalez*.

{5} On December 29, 2005, the district court entered its order dismissing with prejudice the charge of bringing contraband into jail. Among the district court's factual findings were: (1) Defendant's presence in the jail was not voluntary, and (2) the effect of the booking officer's warning was to compel Defendant to choose between silence and confessing to the criminal offense of possession of marijuana. The district court concluded as a matter of law that: (1) bringing contraband into jail is not a strict liability offense under *Gonzalez*, (2) the State cannot force Defendant to choose between admitting to possession of a controlled substance and being charged with introducing that substance into a correctional facility, and (3)

Defendant may not be penalized in any way for refusing to incriminate himself. The State timely appealed from the order dismissing the charge of bringing contraband into jail.

{6} On appeal, the State reasserts its argument that bringing contraband into jail is a possessory crime only requiring proof that the accused knew he possessed the illegal substance or item when he entered the jail. The State further argues that the district court improperly suppressed physical evidence that was obtained after Defendant's statement in response to the questionnaire. We note at the outset that Defendant did not move for-nor did the district court order-suppression of the marijuana found in Defendant's possession at the DACDC. To the contrary, Defendant's motion to dismiss the charge of bringing contraband into jail was based on his legal argument that he could not be guilty of the crime based on the undisputed facts; it was on this basis that the district court dismissed the charge. *See State v. Foulenfont*, 119 N.M. 788, 790, 895 P.2d 1329, 1331 (Ct.App.1995) (holding that the district court had authority under Rule 5–601 NMRA to dismiss charges where the defendant's pretrial motion raised a purely legal issue and the State did not dispute the defendant's characterization of the factual predicate underlying the charges). Because there is no order suppressing evidence in the record, we solely address the State's argument that it need only prove that Defendant knew he was in possession of marijuana at the time he was brought into the jail.

## DISCUSSION

{7} The issue of whether the district court correctly interpreted Section 30–22–14 presents a question of law that we review de novo. *See State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (stating that questions of statutory construction are reviewed de novo). Section 30–22–14(B) provides, in relevant part, that "[b]ringing contraband into a jail consists of carrying contraband into the confines of a county or municipal jail." Marijuana is contraband within the meaning of the statute. *See* Section 30–22–14(C)(4) (defining contraband as

"any controlled substance, as defined in the Controlled Substances Act").

{8} We have previously analyzed Section 30–22–14(B) and determined that bringing contraband into jail is not a strict liability offense. *Gonzalez*, 2005–NMCA–031, ¶ 18. We noted that "[a] crime generally consists of two elements, a physical, wrongful deed (the 'actus reus'), and a guilty mind that produces the act (the 'mens rea')." *Id.* ¶ 10 (internal quotation marks and citation omitted). *See also State v. Martinez*, 2006–NMCA–148, ¶ 21, 140 N.M. 792, 149 P.3d 108 ("Prosecutable crimes consist of both a physical act (actus reus) and a mental component (mens rea)."); *State v. Schoonmaker*, 2005–NMCA–012, ¶ 26, 136 N.M. 749, 105 P.3d 302 (defining "the actus reus" as "the voluntary act"). We concluded that "the offense of bringing contraband into a jail ... has a mens rea essential element: knowledge of the possession." *Gonzalez*, 2005–NMCA–031, ¶ 16. However, because it was not an issue in the case, we did not have occasion in *Gonzalez* to discuss the actus reus element of bringing contraband into jail.

{9} We agree with Defendant that the Oregon case of *State v. Tippetts*, 180 Or.App. 350, 43 P.3d 455 (2002), is instructive in the present context. The defendant in *Tippetts* was placed under arrest after fleeing from police officers who were executing a search warrant at his house. *Id.* at 456. The officers took the defendant to jail, where a booking officer asked him whether he was bringing any drugs or weapons into the jail. *Id.* The booking officer then searched the defendant and found a small bag of marijuana in one of his pockets. *Id.* Prosecutors charged the defendant with, among other things, the crime of supplying contraband, contrary to Or.Rev.Stat. § 162.185(1)(a) (2005). *Tippetts*, 43 P.3d at 456. Under the Oregon statute, "[a] person commits the crime of supplying contraband if '[t]he person knowingly introduces any contraband into a correctional facility, youth correction facility or state hospital.'" *Id.* (quoting § 162.185(1)(a)) (alterations in original).

{10} The defendant in *Tippetts* made the same argument that Defendant makes in the present case, i.e., that he could not

avoid bringing the marijuana into the jail once he was arrested. *Id.* The State of Oregon argued, as does the State in the present case, that "as long as [the] defendant was aware that he possessed the marijuana when the officers took him into the jail, that fact alone provides a sufficient basis for saying that he voluntarily introduced the marijuana into the jail." *Id.* at 457. Relying on an Oregon statute mandating that "[t]he minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act," *see id.* (internal quotation marks, citation and alterations omitted), the Oregon Court of Appeals stated that "a voluntary act requires something more than awareness. It requires an ability to choose which course to take-*i.e.,* an ability to choose whether to commit the act that gives rise to criminal liability." *Tippetts,* 43 P.3d at 458. The court went on to distinguish the defendant's voluntary act of possessing the marijuana before he was arrested from his involuntary act of introducing the marijuana into the jail. *Id.* at 459. Therefore, because "no reasonable juror could find that the introduction of contraband into the jail was a reasonably foreseeable consequence of possessing it," the court reversed the defendant's conviction for supplying contraband. *Id.* at 460.

{11} We agree with the reasoning of the court in *Tippetts* and with the courts of other jurisdictions that have held similarly. *See, e.g., State v. Sowry,* 2004–Ohio–399, 155 Ohio App.3d 742, 803 N.E.2d 867, at ¶ 19

(holding that the defendant's possession of contraband in a jail was not the result of a voluntary act on his part because officers brought him into the jail under arrest). We hold that, to be found guilty of bringing contraband into a jail under Section 30–22–14(B), a person must enter the jail voluntarily. In this case, the undisputed facts show that Defendant did not bring contraband into the DACDC; law enforcement brought him and the contraband in his possession into the facility. It is of no moment, as the State argues, that Defendant could have avoided the charge of bringing contraband into a jail by admitting to the booking officer that he possessed marijuana. The dispositive issue is that Defendant cannot be held liable for bringing contraband into a jail when he did not do so voluntarily.

## CONCLUSION

{12} The district court's order dismissing the charge of bringing contraband into jail is affirmed.

{13} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and CELIA FOY CASTILLO, Judges.