**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                      **NO. 29,139**

**GERALD ACOSTA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals his conviction upon a plea for bringing contraband onto prison grounds. He sought to have the charges dismissed as a matter of law. The district court refused. We proposed to affirm. Defendant has timely responded. We have considered his arguments, and remaining far from persuaded, we affirm.

In our notice, we proposed to conclude that Defendant misconstrued the holding in *State v. Cole*, 2007-NMCA-099, 142, 325, 164 P.3d 1024. In that case, we stated that the crime of bringing contraband onto prison grounds required an *actus reus*—a voluntary act of bringing contraband onto prison grounds. In *Cole*, we held that a defendant did not satisfy that element when he was already in possession of marijuana at the time that he was arrested and taken to jail. We pointed out that owing to the legal compulsion inherent to his arrest, the defendant in *Cole* was not voluntarily taking contraband into the jail, since essentially both Cole and his contraband were taken into the jail by the authorities.

Defendant argues here that he was not voluntarily in the prison, that he was returning after work release as required. He argues that because he was not voluntarily in prison, he did not satisfy the requirement of a voluntary act. Defendant is reading *Cole* too narrowly. Defendant could likely profit should he recall from experience that there is a great deal of difference between a defendant who is arrested and then taken to jail for booking and one who is already sentenced to jail where he must remain, or to which he must return. The defendant who is arrested while in possession of contraband is compelled by the circumstances of being taken into custody to take the contraband into the jail. Neither he nor his contraband enter the jail owing to his volition. Not so the defendant in this case. His presence in prison

might not be of his choice, but when he is in the prison, he leaves it only to return to it for the duration of his sentence. That fact of his domicile not being of his choice is the essence of his incarceration, and is a fact of which he is indisputably aware. Picking up drugs to take back inside surely is his choice, made with knowledge of its nature as contraband, and that his act will be taking contraband back to his home inside the prison walls. The voluntary action that is the element of the crime is not simply acquiring and possessing contraband, but also making the choice to take it with him when he returned onto prison grounds. The defendant in *Cole* did not acquire the contraband with the purpose of taking it into the jail, where Defendant certainly did.

We continue to believe that the factual situation of *Cole* is different and that Defendant satisfied the *actus reus* of the crime by carrying the marijuana back inside the prison when he returned from work release. His choice to bring contraband onto prison grounds was his own, and that ownership of his actions justifies affirming his conviction. *Cole*, 2007-NMCA-099, ¶ 10.

For the reasons stated herein and in the notice of proposed disposition, we affirm the conviction.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

3

**WE CONCUR**:

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**