This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,145**

**EDGAR RUEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant Edgar Rueda (Defendant) appeals from the judgment and order

partially suspending sentence, convicting him of possession of drug paraphernalia and bringing contraband onto prison grounds. [RP 62] Defendant raises one issue on appeal: whether the district court committed reversible error by denying Defendant's motion to dismiss as a matter of law. [DS 2] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

The issue of whether the district court correctly interpreted NMSA 1978, Section 30-22-14(B) (1976), presents a question of law that we review de novo. *State v. Cole*, 2007-NMCA-099, ¶ 7, 142 N.M. 325, 164 P.3d 1024 (citing *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (stating that questions of statutory construction are reviewed de novo)). "Section 30-22-14(B) provides, in relevant part, that '[b]ringing contraband into a jail consists of carrying contraband into the confines of a county or municipal jail.'" *Id. (alteration in original).* "Marijuana is contraband within the meaning of the statute." *Id. See* Section 30-22-14(C)(4) (defining contraband as "any controlled substance, as defined in the Controlled Substances Act").

The facts of this case are undisputed. Defendant was outside the prison, but in the custody of the prison, on a work detail. [DS 2] Upon reentering the prison,

Defendant was searched and marijuana and a foil marijuana pipe were located on his person. [RP 12] Defendant claimed that he found the marijuana while on work detail outside the facility and decided to keep it. [Id.] Defendant also stated that he found the foil pipe in a different location on the same work detail. [Id.] Defendant concealed the contraband in his shoe in order to smuggle it into the prison. [Id.] After the contraband was found a chemical test confirmed it was marijuana. [Id.]

In his motion to dismiss as a matter of law, Defendant pointed out that he did not reenter the prison voluntarily. [RP 29-31] Defendant argues that *Cole* holds that in order to commit bringing contraband into a jail, the accused had to be entering the jail voluntarily. [RP 30] Since "at no time did [Defendant] enter the prison voluntarily[,]" Count 1 of the indictment charging Defendant with bringing contraband onto the prison grounds must be dismissed as a matter of law. [RP 30, 31] In his memorandum, Defendant does not dispute the facts we relied upon in the calendar notice. [MIO 1] Defendant continues to argue, however, that the facts in this case are similar to those in *Cole* and therefore, his conviction for bringing contraband into the jail must be reversed. Defendant contends that, like the defendant in *Cole*, he made a choice to possess marijuana and like the defendant in *Cole* he did not enter the jail voluntarily. [MIO 4] Defendant points out that the defendant in *Cole* knew that by failing to disclose the contraband when presented with the questionnaire that he

3

would be entering the prison with contraband. [MIO 5] Similarly, Defendant argues, he knew he would be entering the prison with marijuana. [Id.] Defendant's argument misses the point; we are not persuaded. *See State v. Acosta*, No. 29,139, slip op. (N.M. Ct. App. June 10, 2009) (holding that defendant returning to jail from work detail and choosing to bring recently obtained contraband in with him is not compelled to enter the facility as was defendant in *Cole*, but does so entirely of his own volition.) The issue is not how a defendant enters the prison, but how the drugs in his possession enter it.

In *Cole*, we considered what *mens rea* supports the *actus reus* required to satisfy the statute. We held that "a voluntary act requires something more than awareness." *Cole*, 2007-NMCA-099, ¶ 10 (internal quotation marks and citation omitted). The circumstances of *Cole*, where defendant was aware that he possessed the contraband but was compelled by the circumstances of his arrest to bring it into the jail, is a world away from the prisoner, who is aware of his custodial status as he begins his day as a resident in jail, leaves the confines of his cell knowing he is to ultimately return to custody in the facility, and of his own volition picks up contraband along the way with which he intends to return to his incarceration. "[The *actus reus*] requires an ability to choose which course to take—i.e., an ability to choose whether to commit the act that gives rise to criminal liability." *Id.* (internal

4

quotation marks and citation omitted). Further, we distinguished a defendant's voluntary act of possessing the marijuana before he was in government custody and forced to commit his involuntary act of introducing the marijuana into the jail. *Id.* It was the fact in that case that the contraband entered the facility with the defendant because of the government's compulsion as a result of defendant's arrest and not his choice that we reversed the conviction in *Cole. Id.* ¶¶ 10-11.

In this case, however, Defendant was in prison where he knew the contraband was prohibited, and left his domicile on work detail. He knew he would return to the prison afterwards. Defendant saw both the marijuana and the pipe and knew both were prohibited items. He had a choice: Either leave them where they lay, or pick them up, hide them on his person, and bring them into the prison. Defendant chose the latter course, and as such, he *ipso facto* voluntarily brought the contraband into the prison when he returned after the work detail. *See id.* ¶ 10 (discussing that if a reasonable juror could find the introduction of contraband into the jail a reasonably foreseeable consequence of possessing it, then the charge should not be dismissed as a matter of law).

**CONCLUSION**

We affirm the district court's decision to deny Defendant's motion to dismiss as a matter of law. We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**