This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39747

**CITY OF AZTEC,**

     Plaintiff-Appellee,

v.

**ERIC MORROW,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellee

Eric Morrow
Farmington, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals his conviction for three counts of indirect criminal contempt under Rule 8-110 NMRA (2019, suspended 2021) for failing to attend two 2019 hearings in Aztec Municipal Court and failing to deliver a letter of explanation to that court for his initial such absence.[1] Defendant claims his right to due process was

---

[1] This trial was conducted in 2020, prior to our Supreme Court suspending the rules for criminal contempt in 2021. Order, *In the Matter of the Suspension of the Rules Governing Criminal Contempt Proceedings in New Mexico State Courts*, S-1-SC 21-8300-032 (N.M. Nov. 22, 2021), https://supremecourt.nmcourts.gov/wp-content/uploads/sites/3/2021/11/Order-No.-21-8300-032-1.pdf.

violated when (1) the district court applied municipal court rules in the de novo appeal in district court; (2) the city attorney, acting as prosecutor, allegedly had previously represented both Defendant and the municipal judge that presided over Defendant's trial in municipal court; (3) the district court judge did not recuse himself; (4) the municipal court judge did not recuse herself; and (5) the district court improperly failed to apply the level of mens rea for the offense. We affirm.

## DISCUSSION

**{2}** Defendant articulates four of his five issues in the framework of due process, and the other as a question of law. "We review questions of constitutional law and constitutional rights, such as due process protections, de novo." *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947. Questions of law we review de novo. *State v. Cole*, 2007-NMCA-099, ¶ 7, 142 N.M. 325, 164 P.3d 1024. Criminal contempt convictions themselves, however, "may be routinely reviewed on appeal for arbitrariness and abuse of discretion." *In re Contempt of Maestas*, 2022-NMCA-057, ¶ 13, 517 P.3d 942 (internal quotation marks and citation omitted).

**{3}** The United States Constitution's Fourteenth Amendment grants that "[n]o [s]tate shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. "Since criminal contempt is a crime in the ordinary sense, a criminal contempt defendant is entitled to due process protections, the extent of which depend on whether the contempt charge is categorized as direct or indirect." *In re Contempt of Maestas*, 2022-NMCA-057, ¶ 16 (internal quotation marks and citation omitted). "In indirect proceedings where the judge has not personally witnessed the defendant's contumacious actions, the contempt must be resolved through more traditional due process procedures." *Id.* (internal quotation marks and citation omitted).

## I. Application of Municipal Court Rules in District Court

**{4}** Defendant first argues that his due process rights were violated when the district court improperly applied municipal court rules in the de novo appeal to district court following his municipal court conviction. Specifically, Defendant argues that the district court erred by failing to appoint a district attorney as he claims was required by Rule 5-112(D)(2) NMRA (2019, suspended 2021).

**{5}** We address Defendant's due process claim[2] in the context of the alleged error of state law he claims the district court made. In 2019, the Rules of Procedure for the

Likewise, following our Supreme Court's recent opinion *In re Marshall* (*II*), 2023-NMSC-009, 528 P.3d 670, we now regard this charge as indirect "punitive" contempt. *Id.* ¶ 23. In this opinion, we refer to the conviction as criminal contempt as that was the charged offense under the rule in effect at that time.

[2]Defendant also appears to contend that Rule 5-408 NMRA, governing the posting and release of bonds, was incorrectly applied. Defendant's only argument regarding this rule is that "[a] bond that is double the fines seems excessive. As a result, [Defendant's] due process rights were violated." Defendant provides no authority for his position, or its relation to his due process rights. We do not review undeveloped arguments on appeal. *See Headley v. Morgan Mgmt. Corp., 2005-NMCA-045,* ¶ 15, 137 N.M. 339, 110 P.3d 1076. Instead, this Court operates pursuant to a presumption of correctness below requiring an

Municipal Courts expressly authorized municipal attorneys to prosecute indirect criminal contempt in municipal court. *See* Rule 8-110(D)(2) (2019). As well, the Rules of Criminal Procedure for the District Courts contemplate municipal attorneys continuing to manage their cases in de novo appeals to district court. *See* Rule 5-826(D)(1) NMRA (requiring service on "each party or each party's attorney in the proceedings in the magistrate or municipal court"). And this Court has addressed a circumstance similar to that presented by this case, holding in *City of Roswell v. Smith*, 2006-NMCA-040, ¶¶ 1, 12, 139 N.M. 381, 133 P.3d. 271, that an assistant city attorney was permitted to prosecute a de novo appeal to district court when prosecuting charges under the city code. In *Smith*, the defendant contended that under NMSA 1978, Section 36-1-19(A) (1985), appointment of the attorney general, his assistants, "or the district attorney," was a jurisdictional prerequisite to the de novo appeal in district court. *Smith*, 2006-NMCA-040, ¶¶ 10-11 (internal quotation marks and citation omitted). Rejecting that argument, *Smith* concluded that "the [d]efendant has cited no authority for the proposition that the state or a county [is an interested party to] the enforcement of the Roswell City Code," *id.* ¶ 13, and upheld the defendant's conviction.

**{6}**     Similarly, this case pertains to indirect criminal contempt based on conduct and a series of proceedings that occurred exclusively in municipal court. Following Defendant's contumacious conduct, the City of Aztec filed charges under Rule 8-110(D), the then-existing municipal court rule on criminal contempt, in municipal court. Defendant was then convicted in municipal court, and filed his appeal under the provision of the same court rule permitting de novo appeal to district court. *See* Rule 8-110(F). We fail to see why a city attorney would be not permitted to participate in the de novo appeal to district court in this circumstance. *See Smith*, 2006-NMCA-040, ¶ 13; *see also* Rule 5-112 comm. cmt. ("This rule applies to criminal contempt of court proceedings that *arise from conduct occurring within a criminal action in district court*." (emphasis added)). We are unpersuaded by Defendant's arguments to the contrary, and hold that the district court committed no error by applying Rule 8-110(D)(2) to the de novo appeal.[3]

---

appellant to establish that error occurred. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating there to be a presumption of correctness in the rulings or decision of the trial court, and the party claiming error bears the burden of showing such error).

3We further hold that Defendant has failed to demonstrate actual and substantial prejudice sufficient to meet his burden on a claim for violation of due process. *See State v. Gibson*, 1992-NMCA-017, ¶ 53, 113 N.M. 547, 828 P.2d 980 (stating that in the context of a claim for a due process violation, "[t]he prejudice must be 'actual' and 'substantial'"); *State v. Palmer*, 1998-NMCA-052, ¶ 7, 125 N.M. 86, 957 P.2d 71 ("[T]he prejudice afforded protection by procedural due process is prejudice which impacts the defense, not the defendant." (alteration, internal quotation marks, and citation omitted)). Defendant asserts several ways in which the city attorney's prosecution hampered his defense. Defendant's allegoric likening of the city attorney to the dogged, yet ultimately doomed, Hugolian literary antagonist Inspector Javert fails alone to assert prejudice, and Defendant's claims the city attorney lied to the court regarding Defendant's attendance at a former hearing, initiated previous bar complaints against Defendant, and sought sanctions against Defendant personally for past deficient filings, are either unsupported by the record or amount to conjecture and speculation as to the city attorney's motives in the proceedings at issue. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

## II.	The City Attorney's Alleged Past Representation of Defendant and the Municipal Judge

**{7}**	Defendant alleges that the city attorney formerly represented him and the municipal judge that served as the trial judge in municipal court, and therefore his prosecution violated due process. But the very premise for this argument, that the city attorney actually represented Defendant or the municipal judge, was never supported by evidence. We cannot reverse a conviction based on unsupported factual assertions from litigants. *See State v. Gonzales*, 2005-NMSC-025, ¶ 39, 138 N.M. 271, 119 P.3d 151 (finding a prosecutor may be disqualified for bias, but there must be a basis in fact for that determination).

## III.	Recusal by District Court Judge

**{8}**	Defendant asserts that the district court judge's choice not to recuse himself violated due process because of the judge's alleged bias against him. "Recusal is only required when a judge has become so embroiled in the controversy that [they] cannot fairly and objectively hear the case." *State v. Trujillo*, 2009-NMCA-128, ¶ 1, 147 N.M. 334, 222 P.3d 1040 (alteration, internal quotation marks, and citation omitted). Claims of bias must be based on evidence, not "mere speculation." *Id.*

**{9}**	Defendant argues that the judge taking judicial notice of his "past and present behavior" in an order denying Defendant's motion to release bond was evidence that the judge relied on rumor and preconceived biases in ruling against Defendant. The City of Aztec describes the order's language as merely recognizing Defendant's admitted failures to appear in unrelated disciplinary proceedings. *See Disciplinary Board of the New Mexico Supreme Court, In re Eric Morrow*, S-1-SC 37923 (Oct. 21, 2019), https://nmdisboard.org/wp-content/uploads/2021/04/Morrow-Eric-SC-No.-S-1-SC-37923.pdf; *In re Eric Morrow*, S-1-SC-36793 (Jan. 2, 2018), https://nmdisboard.org/wp-content/uploads/2021/04/Morrow-Eric-SC-No.-S-1-SC-36793.pdf. While true that the district court took judicial notice to recognize behavior which "necessitated an appeal bond to ensure Defendant's appearance and the orderly administration of justice," nothing in the record indicates the kind of embroilment with the controversy that would indicate bias on the part of the district judge, nor that would prevent a fair and objective hearing of the case. In short, we are not persuaded that Defendant was deprived of his due process right to a neutral decision maker. *See Trujillo*, 2009-NMCA-128, ¶ 11; *see also In re Behles*, 2019-NMSC-016, ¶ 26, 450 P.3d 920 (listing procedural due process protections attorneys facing discipline are entitled to).

## IV.	Recusal by Municipal Court Judge

**{10}**	Defendant argues that prior to the de novo appeal to district court, the municipal court judge's bias against him violated due process. In support, Defendant asserts that the sentence imposed following the municipal court trial evidenced the judge's bias. Moreover, Defendant asserts that the municipal court judge denied his primary counsel

a continuance in another case, which resulted in Defendant being represented by his chosen counsel's associate during the district court trial.

**{11}** Insofar as Defendant received a trial de novo in district court before a new judge, we are unpersuaded that any alleged bias of the municipal court judge prejudiced Defendant's district court conviction, which is the subject of the appeal before us now. "When a case is heard de novo, it is as if no trial had been held in the matter below." *State v. Hoffman*, 1992-NMCA-098, ¶ 4, 114 N.M. 445, 839 P.2d 1333. "Accordingly, as a general rule, the findings of fact and conclusions of the court below are not binding when the case is appealed and heard de novo." *Id.* As the district court was not bound by the findings and conclusions of the municipal court judge, any potential errors committed by the municipal court would have no impact on the conviction before this Court. Moreover, rulings by that judge related to matters not directly involving Defendant's case on appeal provide no basis for recusal. We conclude there to be no error in the district court's conviction of Defendant based on the municipal court judge's decision not to recuse herself.

**V.     Requisite Mens Rea for Criminal Contempt Arising from Missed Hearings and a Failure to Comply with a Court Order**

**{12}** Defendant's final contention asserts that his conviction for indirect criminal contempt requires willfulness. Defendant identifies two cases: *State v. Wisniewski*, 1985-NMSC-079, ¶ 19, 103 N.M. 430, 708 P.2d 1031 and *State v. Rivera*, 1998-NMSC-024, ¶ 12, 125 N.M. 532, 964 P.2d 93 to support his argument.

**{13}** Defendant contends that his responsibility to attend a hearing—which the district court found his office received notice of—constitutes a general obligation that requires willful conduct. Assuming without deciding Defendant to correctly state the mens rea necessary to convict him of indirect criminal contempt, Defendant fails to persuade us that he merely violated a general obligation as an officer of the court. Instead, as the district court found, Defendant's conduct violated specific orders, as notices of the hearings were provided to his office and the municipal court specifically ordered him to submit a letter of explanation. We therefore find no error premised upon the degree of mens rea needed to uphold the district court judgment convicting Defendant of three counts of indirect criminal contempt.

**CONCLUSION**

**{14}** For the above reasons, we affirm.

**{15}  IT IS SO ORDERED.**

**J. MILES HANISEE**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**