**Certiorari Granted, March 2, 2012, No. 33,441**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-026**

**Filing Date: January 11, 2012**

**Docket No. 28,234**

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**v.**

**HECTOR TORRES,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**WECHSLER, Judge.**

**{1}** Defendant Hector Torres was sentenced in 1988 pursuant to a plea agreement for escape from the penitentiary and for his status as a habitual offender. The district court made several legal errors in ordering Defendant's sentence that resulted in an unlawfully light term of imprisonment. The State did not discover the errors until 2006, at a time when Defendant

1

was nearing his release. The State filed a Rule 5-801(A) NMRA motion, requesting an increase of Defendant's sentence by an additional eight years. The district court granted the State's request, and Defendant appealed on constitutional grounds, arguing that altering his sentence nearly two decades after imposition violated double jeopardy and due process. Without addressing the constitutional issues, we reverse on jurisdictional grounds. Having reviewed the supplemental briefs requested on jurisdiction, and in light of the history and language of Rule 5-801(A), we hold that the district court did not have jurisdiction to correct Defendant's illegal sentence. We therefore remand to the district court to reinstate Defendant's sentence as originally imposed in 1988.

**BACKGROUND**

**{2}**     On April 25, 1988, Defendant entered a guilty plea to the charge of escape from penitentiary, as prohibited by NMSA 1978, Section 30-22-9 (1963), for his participation in a group-inmate escape from the New Mexico Department of Corrections in Santa Fe. At the time of Defendant's escape, he was serving multiple sentences related to a thirteen-year string of criminal activity, which included several burglaries and an aggravated assault on a police officer. Due to his criminal record, Defendant admitted to meeting the statutory requirements for a habitual offender enhancement by having three or more prior felony convictions, pursuant to NMSA 1978, § 31-18-17(C) (1983) (amended 2003). At the guilty plea proceeding, the district court noted that "[D]efendant understands the range of possible sentence for the offenses charged, from a suspended sentence to a maximum of nine (9) years imprisonment plus eight (8) years enhancement for [the h]abitual [o]ffender [enhancement plus] a parole term of two (2) years," should the court impose confinement.

**{3}**     At the sentencing hearing on April 25, 1988, the district court ordered Defendant to serve nine years for the escape charge, two of which were to be suspended, plus an additional eight years for the habitual offender enhancement. Acknowledging defense counsel's pleas for leniency, Defendant's ancillary role in the escape (he was apparently used by the other escapees as a decoy), and the other escapees' willingness to enter pleas in hopes that Defendant would receive a lighter sentence, the judge ordered the

> [s]entences to run CONCURRENTLY with each other, but CONSECUTIVELY to the sentences [D]efendant is now serving, (CR 36947 and 83-41 CR) for a total term of incarceration of eight (8) years, to be served concurrently to the last eight (8) years of VA 85-101, with a mandatory two (2) year period of parole to be served upon completion of the basic sentence.

In effect, Defendant received only two additional years of parole and *no* additional prison time for escaping from prison and being found a habitual offender. Despite the apparent leniency of the sentence, the State did not appeal the 1988 sentence, and Defendant began serving his remaining sentences concurrently with his newly-imposed sentence.

2

**{4}** Although calculations differ between the parties, there is no debate that Defendant would have been eligible for parole with good time deductions, sometime between the fall of 2006 and the fall of 2007. Near the completion of the 1988 sentence, after Defendant had served without further incident for eighteen years, the State filed a motion to correct Defendant's illegal sentence on September 22, 2006.

**{5}** The State's sudden interest, after almost two decades of inactivity, was reportedly pursuant to a system-wide audit by the Department of Corrections that was prompted by media scrutiny of several high-profile sentencing errors. After discovering Defendant's sentencing error, the district court held an expedited hearing on the motion and ultimately found in favor of the State. The district court ordered Defendant's sentence modified as follows: nine years on the escape charge, with all nine years suspended, eight years on the habitual offender enhancement to be run consecutive to the aggregate of Defendant's prior sentences, and a mandatory parole term of two years. In short, the district court increased Defendant's prison sentence by eight years—the least amount required to correct the illegality.

**{6}** Defense counsel filed an untimely notice of appeal, requesting a presumption of ineffective assistance of counsel for late filing and a review of the delayed sentencing increase. Because the underlying conviction was pursuant to a guilty plea, this Court could not presume ineffective assistance of counsel and instead remanded for a limited evidentiary hearing on the issue of whether Defendant's trial attorney's failure to file a timely notice of appeal was the result of ineffective assistance of counsel. Anticipating the case would return, this Court also instructed the parties to submit supplemental briefs on "whether the State was barred by the time requirements in Rule 5-801 . . . from filing the motion to correct Defendant's illegal sentence." On remand, the district court promptly found ineffective assistance of counsel for the late filing of the notice of appeal, and the parties returned to this Court with supplemental briefing on the jurisdictional issue. We now review the parties' arguments and render our decision.

**ILLEGALITY OF 1988 SENTENCE**

**{7}** As a preliminary matter, we explain how Defendant's 1988 sentence was illegal. The district court was required to sentence Defendant according to NMSA 1978, Section 31-18-21(A) (1977), for committing a felony while incarcerated and enhance that sentence according to Section 31-18-17(C) for his status as a habitual offender. The district court erred in its application of both sections.

**{8}** Section 31-18-21(A) dictates that "the sentence imposed shall be consecutive to the sentence being served[.]" The phrase "sentence being served" has been interpreted by *State v. Davis* to "mean[] sentences in the aggregate, and, pursuant to statute, all sentences imposed upon [a d]efendant [while incarcerated] must run consecutive to the total of his combined sentences." 2003-NMSC-022, ¶ 15, 134 N.M. 172, 74 P.3d 1064. The district court violated the *Davis* interpretation of the statute by ordering Defendant to serve his

3

escape sentence concurrently to his last prior conviction.

**{9}** Defendant argues that the 2003 interpretation in *Davis* cannot apply retroactively to affect Defendant's 1988 sentence, which he claims was a rational interpretation of the statute before *Davis*. Defendant's argument is unavailing. "An appellate court's consideration of whether a rule should be retroactively or prospectively applied is invoked only when the rule at issue is in fact a new rule." *State v. Mascareñas*, 2000-NMSC-017, ¶ 24, 129 N.M. 230, 4 P.3d 1221 (internal quotation marks omitted); *see Santillanes v. State*, 115 N.M. 215, 223, 849 P.2d 358, 366 (1993) ("The issue of retroactive effect arises only when a court's decision overturns prior case law or makes new law[.]"). Section 31-18-21(A) was not a new rule and had never been construed contrary to *Davis*. It had been a law for over a decade prior to its application to Defendant, and to the extent *Davis* definitively interpreted its breadth in 2003, our Supreme Court asserted that "no doubts about construction and no insurmountable ambiguity exist with respect to Section 31-18-21(A)." *Davis*, 2003-NMSC-022, ¶ 14. Furthermore, our Supreme Court perceived no problem in applying the interpretation to the defendant in *Davis*, who as a co-escapee, was sentenced alongside Defendant in 1988.

**{10}** The district court also misapplied Section 31-18-17(C), which directs that a habitual offender with three or more felony convictions shall have "his basic sentence . . . increased by eight years" and the increase "shall not be suspended or deferred." The district court specifically ordered the underlying basic sentence and the enhancement "to run CONCURRENTLY with each other," in direct conflict with the statutory mandate. *See State v. Mayberry*, 97 N.M. 760, 763, 643 P.2d 629, 632 (Ct. App. 1982) (recognizing that habitual offender enhancements cannot be served concurrently to the underlying basic sentence). Having unequivocally determined Defendant's 1988 sentence was illegal, we now determine whether the district court had jurisdiction in 2006 to correct the illegality.

## JURISDICTIONAL ANALYSIS OF RULE 5-801(A)

**{11}** We begin with an analysis of a district court's jurisdiction under Rule 5-801(A), "Correction of sentence." We review de novo the legal "question of whether a trial court has jurisdiction in a particular case." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. We also note that defense counsel's concessions and failure to preserve the jurisdictional issue do not affect our review. *See Zarges v. Zarges*, 79 N.M. 494, 497, 445 P.2d 97, 100 (1968) ("[Parties are] entitled to raise [jurisdictional] question[s] notwithstanding . . . prior inconsistent attitude, for jurisdiction of the subject-matter must arise by law and not by mere consent." (internal quotation marks and citation omitted)). Moreover, this Court itself may raise jurisdictional issues on appeal. Rule 12-216(B) NMRA ("This rule shall not preclude the appellate court from considering jurisdictional questions[.]").

**{12}** "We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes." *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d

4

158. According to those rules of construction, our overarching goal is to determine the underlying intent of the drafters, *Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶ 50, 142 N.M. 59, 162 P.3d 896, and we begin that task by parsing the plain language of the rule. *See State v. Steven B.*, 2004-NMCA-086, ¶ 15, 136 N.M. 111, 94 P.3d 854 ("Our starting point is the plain language of the statute.").

**Plain Language of Rule 5-801(A)**

**{13}**   Although neither party raises the issue, there could be some confusion as to which version of Rule 5-801(A) applies in this case. According to the compiler's annotations, the 1989 amendment became "effective for *cases* filed in the district courts on or after August 1, 1989." Rule 5-801, compiler's annotations (1989) (emphasis added). Defendant's escape case was filed in the district court in 1988. It would appear then that Defendant's case should be governed by the version of Rule 5-801(A) that pre-dated the 1989 amendment. But the 1986 Supreme Court order adopting the previous amendment to the rule suggests otherwise. When the Supreme Court adopted the 1986 amendment, Chief Justice William Riordan annotated the order to clarify that the amendments "shall apply to all *post conviction motions* filed after" March 1, 1986. In re Amendment of Rules 57 and 57.1, Rules of Dist. Ct. Crim. P. (Feb. 10, 1986) (emphasis added). The Rules Committee did not distinguish between the manner of application of the 1986 amendment and that of the 1989 amendment. Rule 5-801 (1989) ("As amended, effective March 1, 1986, and August 1, 1989."). Accordingly, we apply the current Rule 5-801(A), as amended through 1989, to *post-conviction motions* filed in the district courts on or after August 1, 1989. Because the State filed a post-conviction motion in 2006 pursuant to Rule 5-801(A), we apply the current version of Rule 5-801(A) to Defendant, despite the fact that his underlying criminal case was originally filed prior to August 1, 1989.

**{14}**   The current version of Rule 5-801(A) reads:

> A.   **Correction of sentence.**  The court may correct an illegal sentence at any time pursuant to Rule 5-802 NMRA and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence.

**{15}**   Rule 5-802(A) "governs the procedure for filing a writ of habeas corpus by persons in custody or under restraint." While it is clear from the face of Rule 5-801(A) that the district court has indefinite jurisdiction to correct illegal sentences pursuant to defendant-based writ of habeas corpus under Rule 5-802, it is not clear whether the court's jurisdiction is strictly limited to a writ of habeas corpus and is meant to exclude state-based motions altogether. Defendant argues that Rule 5-801(A) should be read as a strict limitation under the doctrine of *expressio unius est exclusio alterius*, and thus the State's 2006 motion under the Rule should be barred. *State ex rel. King v. Lyons*, 2011-NMSC-004, ¶ 36, 149 N.M. 330, 248 P.3d 878 ("We have repeatedly recognized that [w]here authority is given to do a particular thing and a mode of doing it is prescribed, it is limited to be done in that mode;

5

all other modes are excluded. This is a part of the so-called doctrine of *expressio unius est exclusio alterius*." (alteration in original) (internal quotation marks and citation omitted)). The State, on the other hand, argues that "the trial courts' [sic] jurisdiction to correct [D]efendant's sentence [does] not stem from . . . Rule 5-801, but rather from the sentencing authority vested to the trial court by . . . statute," and thus, "Rule 5-801 should not affect the disposition of this case." *See State v. Abril*, 2003-NMCA-111, ¶ 20, 134 N.M. 326, 76 P.3d 644 ("Where a sentence lacks a statutorily-mandated provision, the trial court retains jurisdiction to correct the sentence by adding the omitted term.").

**{16}** To the extent the language is ambiguous, we consider principles of statutory construction to determine the rule's meaning. *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 29, 146 N.M. 453, 212 P.3d 341. We consider the history and background of the subject statute, which in New Mexico "has involved analysis of previous enacted statutes relating to the same subject matter or amendments to the disputed statute[.]" *Rhinehart v. Nowlin*, 111 N.M. 319, 324, 805 P.2d 88, 93 (Ct. App. 1990); *see In re Gabriel M.*, 2002-NMCA-047, ¶ 15, 132 N.M. 124, 45 P.3d 64 ("We compare the earlier versions of . . . statute[s] with the current version to help determine legislative intent.").

**History of Rule 5-801(A)**

**{17}** Interpreting Rule 5-801(A) in the context of its history and background, it is apparent that the Rules Committee intended to strictly limit the district court's jurisdiction to correct illegal sentences to only habeas corpus-based motions under Rule 5-802. Rule 5-801(A) was adopted based on Rule 35 of the Federal Rules of Criminal Procedure, and it has closely tracked the history and background of the federal rule, which has clearly sought to curtail federal district court jurisdiction over correction of illegal sentences. Additionally, the historical amendments to Rule 5-801(A) evidence a clear effort to limit district court jurisdiction in this arena, favoring appellate and habeas corpus review of illegal sentences over unlimited district court jurisdiction.

**{18}** Rule 5-801(A) was originally numbered as Rule 57.1 prior to the 1986 recompilation and was adopted in 1980 to be "substantially the same as Rule 35 of the Federal Rules of Criminal Procedure." Rule 5-801 committee commentary (1980). Because our courts have routinely relied on federal case law and related legislative history when interpreting similar New Mexico rules, we provide a summary of the history of federal Rule 35. *State v. Martinez*, 2006-NMCA-148, ¶ 12, 140 N.M. 792, 149 P.3d 108 (stating that "federal law interpreting the rule is instructive," when the federal rule is similar to its New Mexico counterpart), *aff'd*, 2008-NMSC-060, 145 N.M. 220, 195 P.3d 1232. Rule 35 of the Federal Rules of Criminal Procedure was adopted in 1944 and was itself a "codification of existing law." *Duggins v. United States*, 240 F.2d 479, 483 (6th Cir. 1957). Prior to adoption, "the general principle [was] that a court [could not] set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." *Gilmore v. United States*, 131 F.2d 873, 874 (8th Cir. 1942). But there were always judicially-created exceptions to this general principle, one of which was

6

that district courts had indefinite jurisdiction to correct "clerical mistakes and a sentence which the judgment did not support." *United States v. Bradford*, 194 F.2d 197, 200 (2d Cir. 1952); *see United States v. Rico*, 902 F.2d 1065, 1067 (2d Cir. 1990) ("[U]nder common law a district court was free at any time to correct sentences when the judgment was void, because these sentences were invalid and not final dispositions." (internal quotation marks and citation omitted)), *superceded by rule as stated in United States v. Werber*, 51 F.3d 342 (2d Cir. 1995).

**{19}**    Despite the principle's deep common law roots, it was nonetheless codified because a related principle had been called into question. *Duggins*, 240 F.2d at 483 ("It was a codification of existing law and was intended to remove any doubt, created by the ruling in *United States v. Mayer*, 235 U.S. 55, 67 [(1914)], about the jurisdiction of the [d]istrict [c]ourt to correct an illegal sentence after the expiration of the term at which it was entered."). Under common law, district courts had limited jurisdiction to modify *legal* sentences, allowing only those made during the term of court in which the sentence was entered. But "the significance of the expiration of a term of court [had] largely become an anachronism" by 1944, and it was therefore necessary to "introduce[] a flexible time limitation on the power of the court [to] reduce a sentence." Fed. R. Crim. P. 35 advisory committee's note. Rather than adopt a piecemeal rule that would only address modification of sentences, Congress enacted a comprehensive rule, encompassing the entire common law on the subject and defining federal district court jurisdiction to both modify and correct illegal sentences.

**{20}**    Following the federal lead, New Mexico adopted Rule 57.1 in 1980 to be virtually identical to federal Rule 35, thereby codifying existing New Mexico common law. In New Mexico, as in the federal system, the judiciary had interpreted its sentencing authority, pursuant to the Legislature's many sentencing statutes, as including an inherent jurisdiction to correct illegal sentences. *See State v. Peters*, 69 N.M. 302, 304, 366 P.2d 148, 149 (1961) ("Sentences must be imposed as prescribed by statute, [and an illegal sentence] being unauthorized by law, [is] null and void[.]" (citation omitted)); *see also Jordan v. Swope*, 36 N.M. 84, 84, 8 P.2d 788, 788 (1932) ("[J]urisdiction to render legal judgment . . . is not terminated by rendition of void judgment."). The purpose of codifying a long-standing common law principle was to clarify any confusion created by the abolishment of the concept of terms of court, just as in the federal context. Rule 5-801 committee commentary (1980) ("The Rules of Criminal Procedure for the [d]istrict [c]ourts have abolished the concept of terms of court and therefore it is desirable to have a specific rule setting forth the limits of power of the district court.").

**{21}**    Four years after New Mexico decided to adopt federal Rule 35, the United States Congress repealed the indefinite jurisdiction principle embodied in Rule 35(a) altogether. As part of a sweeping reform of the criminal justice system, Congress enacted the Sentencing Reform Act of 1984, which sought in large part to make prisoner release dates more certain and sentences imposed in the public forum more final. S. Rep. No. 98-225, at 56 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3239; *see also United States v. Cook*, 890 F.2d

7

672, 674-75 (4th Cir. 1989) (stating that the underlying purpose of the Sentencing Reform Act of 1984 "was to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification"). Citing numerous studies and hearings—including one report that correlated prisoner uncertainty in release dates to prison riots—the congressional report concluded that making release dates more certain would increase prisoner morale, foster public respect for the law, and "enhance prison rehabilitation efforts." S. Rep. No. 98-225, at 56 n.83, 57 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3239 n.83, 3240.

**{22}**    In order to accomplish those goals, Congress repealed long-standing Rule 35(a), thereby stripping the federal district courts of their indefinite jurisdiction to correct illegal sentences. *United States v. Jordan*, 915 F.2d 622, 627-28 (11th Cir. 1990) (stating that Congress "explicitly foreclosed [the Rule 35(a)] route for obtaining judicial review of an allegedly illegal sentence" at any time). "No changes, however, were made to [the federal habeas corpus statute] by the 1984 Act," which left open a writ of habeas corpus as an additional review mechanism for defendants. *United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997).

**{23}**    Sixteen months after Congress repealed Rule 35(a) and curtailed federal district court jurisdiction over illegal sentences, New Mexico followed suit. On February 10, 1986, despite Rule 57.1(a)'s reliance on long-standing principles of common law, the New Mexico Supreme Court, by its order, adopted the recommendation of the Rules Committee to repeal 57.1(a), which had previously allowed for indefinite jurisdiction over illegal sentences. In the very same order, the New Mexico Supreme Court transformed former Rule 57 (Post-conviction motions) to become Rule 57 (Habeas corpus). As part of its comprehensive overhaul of Rule 57 (later re-compiled as Rule 5-802), the Supreme Court codified the procedure for filing writs of habeas corpus and explicitly opened that avenue for review of "illegal" sentences under the scope of the rule. Rule 5-802(A) (1986). With respect to appellate review of illegal sentences, it was unnecessary to enact another rule because New Mexico appellate courts had jurisdiction to review sentences under Article VI, Section 2 of the New Mexico Constitution and NMSA 1978, Section 34-5-8(A)(3) (1983), and had previously construed Rule 12-216 as allowing parties to challenge the legality of a sentence for the first time on appeal. *State v. Crespin*, 96 N.M. 640, 641, 633 P.2d 1238, 1239 (Ct. App. 1981); *see State v. Bachicha*, 111 N.M. 601, 608, 808 P.2d 51, 55 (Ct. App. 1991) (recognizing the right to challenge illegal sentences for the first time on appeal extends equally to the state).

**{24}**    Since the amendments of 1984, federal case law and legislation have made clear that it was Congress's specific intent to remove any historical common law jurisdiction the federal district courts once enjoyed with respect to correction of illegal sentences. *United States v. Washington*, 549 F.3d 905, 917 (3d Cir. 2008) ("[T]o the extent there might have at one point been inherent power in the court, such power was abrogated by Congress pursuant to . . . Federal Rule of Criminal Procedure 35(a)."). In fact, in response to several circuit court opinions purporting to revive the federal district court's inherent jurisdiction

8

to correct illegal sentences prior to appeal, Congress further tightened the rule to allow correction of "arithmetical, technical, or other clear error" only within seven days of the imposition of a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002); Fed. R. Crim. P. 35 advisory committee's note (stating that the amendment "in effect codifies the result in those two cases but provides a more stringent time requirement").

**{25}**  Similarly, New Mexico has also sought to clarify the scope of Rule 5-801 since its 1986 repeal of Rule 57.1(a). In 1989, the New Mexico Supreme Court enacted a final amendment to Rule 5-801(A) that re-inserted original Rule 57.1(a) language— "[t]he court may correct an illegal sentence at any time"—with an important limitation—"pursuant to Rule 5-802[.]"

**{26}**  In *Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988), our Supreme Court held that the requirement of an earlier version of what is now Rule 5-801(B) that a motion to reduce a sentence be filed within thirty days of various acts is a jurisdictional requirement. Federal courts have similarly interpreted the current Rule 35 as a strict jurisdictional limitation. *See United States v. Penna*, 319 F.3d 509, 511-12 (9th Cir. 2003) (seven-day limitation in Rule 35 for correcting sentence is strict jurisdictional requirement); *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000) (stating that "limitation contained in Rule 35(c) is a jurisdictional restriction"). Although current federal Rule 35(a) now differs from Rule 5-801(A) in language, they both serve as strict limitations on the jurisdiction of district courts to correct illegal sentences—one procedurally and the other temporally. *Compare* Rule 5-801(A) ("The court may correct an illegal sentence at any time pursuant to Rule 5-802[.]"), *with* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

**{27}**  As is apparent from the historical analysis, New Mexico has closely tracked federal Rule 35(a) from adoption, through repeal, to its most current form. Additionally, New Mexico continually narrowed the scope of Rule 5-801(A) over time by first repealing and then clarifying its intended narrow reach. Given the history of the New Mexico rule, in conjunction with its federal counterpart, the current version of Rule 5-801(A) reflects a clear intent to strictly limit the district court's jurisdiction to habeas corpus proceedings to correct an illegal sentence.

**INHERENT DISTRICT COURT JURISDICTION**

**{28}**  We take time to address the State's argument that the district court's authority to correct illegal sentences stems not from Rule 5-801(A), but "from the sentencing authority vested to the trial court by statute," as recognized by the common law. *See Crespin*, 96 N.M. at 643, 633 P.2d at 1241 ("The fixing of penalties is a legislative function; the trial court's authority is to impose a penalty which has been authorized by the Legislature; a penalty which has not been authorized is void."). The State is correct that historically our courts created, through common law, an indefinite jurisdiction in the district courts to correct illegal

9

sentences, subject only to a defendant's constitutional protections. *See, e.g.*, *Peters*, 69 N.M. at 304, 366 P.2d at 150. However, our Rules Committee codified that judicially-created principle in whole—"[t]he court may correct an illegal sentence at any time"—and then chose to repeal it shortly after Congress struck the very same language from the federal rule with the express intent of circumscribing federal district court jurisdiction in order to make sentences more final. Rule 5-801(A). Furthermore, nothing in the New Mexico Supreme Court's decision to repeal Rule 5-801(A) suggests that the Supreme Court intended an opposite result by following the congressional decision to repeal the same language in federal Rule 35(a).

**{29}** We remain aware of our long-standing rule that "only if a statute so provides with express language or necessary implication will New Mexico courts be deprived of their inherent equitable powers." *Sims v. Sims*, 1996-NMSC-078, ¶ 30, 122 N.M. 618, 930 P.2d 153. But as we have described above, any inherent common law jurisdiction the district courts enjoyed over correction of illegal sentences was abrogated by the express adoption of common law, subsequent repeal, and re-insertion of a limited version. "[W]hen legislation directly and clearly conflicts with the common law, the legislation will control because it is the most recent statement of the law." *Id.* ¶ 22; *cf. Washington*, 549 F.3d at 911 (holding inherent power recognized at common law "has clearly been abrogated by both statute and rule").

**{30}** While not expressly stated, we nevertheless hold that the Rules Committee meant to defeat the broad jurisdiction embodied in the common law by repeatedly narrowing Rule 5-801(A). Were we to conclude otherwise, as the State requests, it would necessarily require one of two constructions: (1) Rule 5-801(A) only applies to defendants, or (2) Rule 5-801(A) is intended as mere guidance. Both constructions render Rule 5-801(A) itself either absurd or superfluous, or make its amendments mere nullities.

**{31}** If we were to read the rule as applying only to defendants, we would give the State a procedural advantage in that defendants would be required to meet all the requirements of habeas corpus under Rule 5-802, while the State would need only file a simple motion to correct an illegal sentence. This approach would certainly contradict the thrust of the Sentencing Reform Act of 1984, which was, in part, to make sentencing more transparent and fair. Such a reading would also contradict the apparent comprehensive nature of the Rules of Criminal Procedure for the district courts, in which Rule 5-801(A) is embedded. The very first provision of the Rules states that "[t]hese rules *govern* the procedure in the district courts of New Mexico in all criminal proceedings." Rule 5-101 NMRA (emphasis added). Rule 5-801 is entitled "Modification of sentence," and Subsection (A) is entitled "Correction of sentence." There is no explicit indication in any of those sources that Rule 5-801(A) was meant to apply only to defendants or except the State from its seemingly broad reach. It would be absurd, absent some indication otherwise, to construe Rule 5-801(A) as only applying to defendants, simply because a common law principle existed prior to the rule's adoption and subsequent repeal. *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868 ("We must take care to avoid adoption of a construction that would render

the statute's application absurd or unreasonable or lead to injustice or contradiction." (internal quotation marks and citation omitted)).

**{32}** Similarly, we cannot conclude that Rule 5-801(A) is meant as mere guidance. Although such a construction would resolve the unfairness to defendants of the binding construction, it would contradict the application of all the Rules of Criminal Procedure. As is mentioned above, the rules are meant to *govern*, not guide, procedure. Furthermore, such a reading would render Rule 5-801(A) and its previous iterations and amendments superfluous and nullities. *State v. Rivera*, 2004-NMSC-001, ¶ 18, 134 N.M. 768, 82 P.3d 939 ("We are generally unwilling to construe one provision of a statute in a manner that would make other provisions null or superfluous."). The repealed version would have been meaningless, in that if the common-law principle existed in Rule 57.1, and its repeal revived the same common law rule that was adopted, the change would have been completely unnecessary. Similarly, the re-insertion of the principle with limiting language would have had no meaningful effect if the unlimited common law principle remained unchanged. *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 36, 147 N.M. 583, 227 P.3d 73 ("This Court has long held that we must avoid constructions of statutory amendments that would render the change unnecessary and meaningless." (internal quotation marks and citation omitted)).

## SEPARATION OF POWERS

**{33}** We next explain why our interpretation of Rule 5-801(A), which serves to define, explicitly for defendants and implicitly for the State, the procedure to obtain review of illegal sentences does not violate separation of powers. We recognize that "one branch of the state government may not exercise powers and duties belonging to another," *State ex rel. State Corp. Comm'n v. McCulloh*, 63 N.M. 436, 438, 321 P.2d 207, 208 (1957), and that "it is solely within the province of the Legislature to establish penalties for criminal behavior." *State v. Mabry*, 96 N.M. 317, 321, 630 P.2d 269, 273 (1981). We also note, however, that "the power to provide rules of pleading, practice, and procedure for the conduct of litigation in the district courts, as well as rules of appellate procedure, is lodged in [the Supreme Court] by the Constitution of New Mexico." *Ammerman v. Hubbard Broad., Inc.*, 89 N.M. 307, 310-11, 551 P.2d 1354, 1357-58 (1976) (internal quotation marks and citation omitted); *see State ex rel. Anaya v. McBride*, 88 N.M. 244, 246, 539 P.2d 1006, 1008 (1975) ("Our constitutional power under [the New Mexico Constitution Article III, Section 1 and Article VI, Section 3] of superintending control over all inferior courts carries with it the inherent power to regulate all pleading, practice and procedure affecting the judicial branch of government.").

**{34}** The State essentially argues that our interpretation of Rule 5-801(A), by limiting the procedure by which the State can obtain review of an illegal sentence, abridges the State's substantive right to a particular sentence mandated by the Legislature. *See* NMSA 1978, § 38-1-1(A) (1966) (stating that New Mexico Supreme Court rules "shall not abridge, enlarge or modify the substantive rights of any litigant"). We disagree that Rule 5-801(A) has such an affect and note that a similar argument was rejected by this Court in *State v. Montoya*,

11

2011-NMCA-009, 149 N.M. 242, 247 P.3d 1127, *cert. denied*, 2011-NMCERT-001, 150 N.M. 558, 263 P.3d 900,  with respect to Rule 5-805 NMRA.

**{35}**   In *Montoya*, the state argued that the time limits requiring dismissal of probation revocation cases under Rule 5-805(H) abridged the state's substantive right to pursue probation revocations under NMSA 1978, Section 31-21-15 (1989), and thereby violated separation of powers. *Montoya*, 2011-NMCA-009, ¶ 22.  The Court held that "[a]lthough [Rule 5-805(H)] can be viewed as limiting the absolute right granted by Section 31-21-15, the Supreme Court has the clear right to establish procedures to prevent delay in court proceedings." *Montoya*, 2011-NMCA-009,  ¶ 23.  The case at bar is not distinguishable in principle.

**{36}**   The Supreme Court's procedural choice, with respect to how a request to correct illegal sentences should be presented to the district courts, does not abridge substantive sentencing rights.  Rather Rule 5-801(A), by restricting district court jurisdiction to correct illegal sentences, "merely avoids delay in the exercise of such rights." *Montoya*, 2011-NMCA-009, ¶ 23.  Promulgation of such rules falls squarely within the Supreme Court's rule-making power, as bestowed by the New Mexico Constitution, and does not violate separation of powers. *Id.* ¶ 24 ("[R]ules of the Supreme Court that affect procedure in the courts . . . are the hallmark of the Supreme Court's constitutional authority to control procedure in the courts of the state.").

**EFFECT ON NEW MEXICO PRECEDENT**

**{37}**   As a final matter, we consider the effect of Rule 5-801(A), as interpreted by this Court.  We recognize today that Rule 5-801(A), as amended by the Supreme Court, abrogated the common law principle that a district court has inherent and unlimited jurisdiction to correct illegal sentences.  Although the abrogated principle has been cited occasionally since its demise in 1986, only one case in that time has actually relied on the principle in reaching its holding. *Compare Abril*, 2003-NMCA-111, ¶¶ 17-18, 20 (relying on the abrogated principle in affirming a district court's modification of a sentence five days after entry of the written sentencing order), *with State v. Porras*, 1999-NMCA-016, ¶¶ 7, 10, 126 N.M. 628, 973 P.2d 880 (citing the abrogated principle as background but unnecessary to its holding that a valid sentence cannot be corrected after the defendant begins serving it), *State v. Ingram*, 1998-NMCA-177, ¶¶ 18-19, 126 N.M. 426, 970 P.2d 1151 (citing the abrogated principle to support Court of Appeals' modification of the defendant's sentence on appeal), and *State v. Aragon*, 109 N.M. 632, 638-39, 788 P.2d 932, 938-39 (Ct. App. 1990) (citing the abrogated principle as background to its discussion on correction of sentences and not necessary to its holding that district courts lack jurisdiction to amend sentences during period of appeal).

**{38}**   In *Abril*, the district court corrected its omission of a serious violent offense enhancement five days after it entered its final written sentencing order.  Citing dicta from *Aragon*, the Court reasoned that "[w]here a sentence lacks a statutorily-mandated provision,

the trial court retains jurisdiction to correct the sentence by adding the omitted term." *Abril*, 2003-NMCA-111, ¶ 20. We overrule *Abril* to the extent that it relied on the abrogated common law principle of inherent jurisdiction to correct illegal sentences. Because this case involves an eighteen-year, post-appeal delay in correcting an illegal sentence, we do not decide, and leave for another day, the extent the result reached in *Abril* could be supported by some other statutory or rule-based authority.

**CONCLUSION**

**{39}** Based on our analysis of Rule 5-801(A), the district court did not have jurisdiction to correct Defendant's illegal sentence. Accordingly, we reverse the district court's decision correcting Defendant's sentence and remand for reinstatement of Defendant's 1988 sentence and denial of the State's motion.

**{40} IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *State v. Torres*, No. 28,234**

| | |
|---|---|
| **JD** | **JURISDICTION** |
| JD-AJ | Appellate Jurisdiction |
| JD-DC | District Court |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-SP | Separation of Powers |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CP | Criminal Procedure, General |
| CA-SN | Sentencing |
| | |
| **ST** | **STATUTES** |
| ST-RC | Rules of Construction |