This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. A-1-CA-34599**

**LAWRENCE TAFOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** The opinion filed in this case on May 15, 2019, is hereby withdrawn and the following substituted in its place.

**{2}** Defendant Lawrence Tafoya appeals the district court's correction of his sentence to indicate Defendant had committed a "serious violent offense" after the district court already entered its judgment and sentence. Because the district court was without jurisdiction to correct Defendant's sentence, we reverse and remand.

**BACKGROUND**

**{3}** Defendant was convicted of child abuse resulting in great bodily harm, in violation of NMSA 1978, Section 30-6-1(E) (2005, amended 2009), which is a first-degree felony. The district court entered its judgment and sentence on May 20, 2009. Six weeks later, on July 2, 2009, the State filed a "Motion to Clarify Sentence" requesting that the district court find Defendant committed a "serious violent offense" pursuant to NMSA 1978, Section 33-2-34(L)(4)(o) (2006, amended 2015) (providing that first, second, and third degree abuse of a child is a serious violent offense "when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense"). On August 30, 2010, the district court corrected its initial judgment and sentence to find Defendant committed a serious violent offense, thereby limiting Defendant's right to earn meritorious deductions of time from his sentence. *See* § 33-2-34. Defendant appealed the district court's corrected sentence.

**DISCUSSION**

**{4}** On appeal, Defendant argues the district court was without jurisdiction to correct his sentence. The State, by contrast, contends the district court had jurisdiction to correct Defendant's sentence under Rule 5-801(A) NMRA (2009, as amended through 2016). "[T]he question of whether a [district] court has jurisdiction in a particular case is a question of law that we review de novo[.]" *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300.

**{5}** In making their jurisdictional arguments, the parties both rely on Rule 5-801, but differ in their interpretations of its application. Defendant argues his sentence was imposed in an illegal manner, but that the State's motion to correct the sentence was deemed denied as a matter of law because it was not decided within the time required by the rule. The State argues that Defendant's sentence was illegal and asks us to "reconsider and clarify, or modify" our holding in *State v. Torres*, 2012-NMCA-026, 272 P.3d 689, because it "unreasonably limits district court jurisdiction to correct an invalid sentence." We conclude that the State is correct that Defendant's sentence was illegal, rather than illegally imposed; however, because the sentence was illegal, Defendant is correct that the district court had no jurisdiction to subsequently correct Defendant's sentence, although we conclude the district court lacked jurisdiction for reasons different than those offered by Defendant. Further, as explained below, we see no reason to reconsider and clarify or modify our previous holding in *Torres* and therefore reverse the district court and remand the matter with instructions to reinstate Defendant's original sentence.

**Rule 5-801**

**{6}** The 2009 version of Rule 5-801 in effect at all material times herein, conferred jurisdiction on the district court to correct both illegal sentences and sentences that are illegally imposed under the limited circumstances described in the rule. That rule provided:

Modification of sentence.

    A.      Correction of sentence. The court may correct an illegal sentence at any time pursuant to Rule 5-802 . . . and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence.

    B.      Modification of sentence.[1] A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction. A motion to reduce a sentence may also be filed upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this paragraph.

    C.      Mandatory sentence. Paragraph B of this rule does not apply to the death penalty or a mandatory sentence.

In 2014 our Supreme Court amended Rule 5-801, deleting Paragraph A, and re-lettering Paragraph B as Paragraph A, entitled "Reduction of sentence."

**The Sentencing Statutes and Illegal Sentences**

**{7}** To determine whether the district court had the authority under Rule 5-801 (2009) to correct Defendant's sentence, we must first determine whether Defendant's sentence was illegal or imposed in an illegal manner. If Defendant's sentence was illegal, the district court was authorized to correct it "pursuant to Rule 5-802." Rule 5-801(A) (2009). If it was imposed in an illegal manner, then the district court's jurisdiction was subject to the time limitations set out in rule 5-801(B). Rule 5-801 (2009)

**{8}** "A sentence that is not authorized is an illegal sentence." *State v. Harris*, 1984-NMCA-003, ¶ 7, 101 N.M. 12, 677 P.2d 625. In interpreting whether a sentence is unauthorized and therefore illegal, we have held that the district court's failure to properly apply our sentencing statutes constitutes an illegal sentence. In *Harris*, we considered whether an amended judgment filed four months after the original judgment, enhancing the defendant's sentence as a habitual offender, was an illegal sentence. Concluding the sentence was illegal, we stated, "[o]nce it was determined that [the] defendant was a[] habitual offender, the previous sentence for the burglaries and larcenies was no longer an authorized sentence." *Id.* ¶¶ 2, 7. Similarly, in *Torres*, we considered whether the district court had jurisdiction to correct a defendant's original sentence when the defendant, convicted of escape from the penitentiary, was sentenced to serve his original sentence and his escape sentence concurrently, rather than consecutively, contrary to our sentencing statutes, and was not sentenced as a habitual offender. 2012-NMCA-026, ¶¶ 3, 7. We determined that the district court was

---

1Prior to May 6, 2009, Paragraph B of Rule 5-801 contained a sentence providing that the court shall rule on the motion within ninety days after the date it is filed, or the motion is deemed to be denied. Rule 5-801(B) (1992).

"required to sentence [the d]efendant according to NMSA 1978, Section 31-18-21(A) (1977), for committing a felony while incarcerated and enhance that sentence according to [NMSA 1978,] Section 31-18-17(C) [(1983, as amended through 2003)] for his status as a habitual offender." *Torres*, 2012-NMCA-026, ¶ 7 Concluding that the district court "violated" the proper application of Section 31-18-21(A) and "misapplied Section 31-18-17(C)," we "unequivocally determined [the d]efendant's [original] sentence was illegal." *Torres* 2012-NMCA-026, ¶¶ 7, 8, 10.

**{9}** By contrast, an "illegally imposed" sentence is a sentence "imposed in a way which violates the defendant's right, including his right . . . to be addressed personally at sentencing and to speak in mitigation of punishment, or his statutory right to be asked about his prior convictions in a proceeding to impose an enhanced sentence . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises." 8A J. Moore, *Moore's Federal Practice* ¶ 35.04[3][a] (2d ed. 1996). *See also State v. Aqui*, 1986-NMSC-048, ¶ 8, 104 N.M. 345, 721 P.2d 771 (stating that a defendant cannot seek correction of a sentence imposed in an illegal manner absent a claim of procedural deficiencies in his sentencing by the district court).

**{10}** In this instance, the district court's failure to consider and determine whether Defendant was a "serious violent offender" cannot be characterized as a sentence imposed in an illegal manner because it does not arise out of a procedural deficiency that violates Defendant's rights. A determination that a defendant is a "serious violent offender" is not procedural in nature and requires the district court to make a substantive evaluation of a defendant and the circumstances of the crime immediately prior to sentencing. Following Defendant's conviction for first-degree child abuse resulting in great bodily harm, NMSA 1978, Section 31-18-15(F) (2007, amended 2016) required the district court to "indicate whether or not the offense is a serious violent offense, as defined in Section 33-2-34[.]" *See also* § 33-2-34(L)(4)(o) (2006) (providing that first, second, and third degree abuse of a child is a serious violent offense "when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense"). In making such a determination, the district court must evaluate "whether the crime was committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Scurry*, 2007-NMCA-064, ¶ 6, 141 N.M. 591, 158 P.3d 1034. (internal quotation marks and citation omitted). "[F]indings that merely set forth facts, without connecting the facts to the [elements of Section 33-2-34(L)(4)] do not satisfy the statutory requirement, and therefore do not justify a determination that an offense is a serious violent offense." *Scurry*, 2007-NMCA-064, ¶ 1. The district court's failure to determine whether Defendant was a "serious violent offender" prior to sentencing was in direct conflict with the statutory mandate provided in Section 31-18-15 and clarified in Section 33-2-34, resulting in an illegal sentence. *See Torres*, 2012-NMCA-026, ¶¶ 7-8, 10 (concluding that the district court's misapplication of sentencing statutes' mandates rendered the defendant's sentence illegal); *Scurry*, 2007-NMCA-064, ¶¶ 1,4 (stating that the trial court abuses its discretion if it acts contrary to law in determining whether a crime qualifies as a serious violent

offense under Section 33-2-34); *Harris*, 1984-NMCA-003, ¶ 7 (defining an illegal sentence as one that is not authorized).

**Jurisdiction of the District Court**

**{11}**   As Defendant's sentence was illegal, we conclude the district court was without jurisdiction to correct it because doing so was outside its authority as provided in the Rules of Criminal Procedure. As this Court has explained, by recompiling former Rule 57.1(a) (1985) (recompiled 1986) (providing that "[t]he district court may correct an illegal sentence at any time") as Rule 5-801(A) NMRA (1986, amended 2014) (providing that "[t]he court may correct an illegal sentence at any time *pursuant to Rule 5-802*" (emphasis added)), our Supreme Court abrogated the district courts' inherent common law authority to correct illegal sentences at any time and limited jurisdiction to habeas corpus-based motions under Rule 5-802. *See Torres*, 2012-NMCA-026, ¶ 17. Indeed, in its subsequent 2014 amendment to Rule 5-801, our Supreme Court, by deleting the former Paragraph A, clarified that the district court's jurisdiction to correct a sentence under Rule 5-801 was limited to motions to reduce a defendant's sentence. *Compare* Rule 5-801 (2009) *with* Rule 5-801 (2014). Addressing the State's request that we reconsider our decision in *Torres*, we note that *Torres* was decided more than two years before the newly-adopted rule became effective, yet our Supreme Court chose not to address the jurisdictional limitations established in that decision. In light of the Supreme Court's decision not to address the limitations established in *Torres* when it enacted the 2014 amendment to Rule 5-801, we see no reason to depart from our holding in *Torres* and reject the State's request that we do so.

**{12}**   Here, the motion to correct Defendant's sentence was filed by the State, not Defendant. The Rules of Criminal Procedure do not grant the State authority to file motions to correct illegal sentences, as those motions must be brought pursuant to Rule 5-802(A) "by persons in custody or under restraint." *See id.* ("This rule governs the procedure for filing a writ of habeas corpus *by persons in custody or under restraint* for a determination . . . that the district court was without jurisdiction to impose such sentence [or] that the sentence was illegal" (emphasis added)); Rule 5-803(A) NMRA ("A petition to set aside a judgment and sentence may be filed in the district court of the jurisdiction which rendered the judgment *by one who has been convicted of a criminal offense*, and who is not in custody or under restraint as a result of such sentence." (emphasis added)); *see also State v. Stejskal,* 2018-NMCA-045, ¶ 10, 421 P.3d 856 (explaining that *Torres* limited the state's ability to seek modification of a sentence under Rule 5-801 to correcting a sentence imposed in an illegal manner). Notwithstanding the limitations imposed by Rule 5-801 and *Torres's* abrogation of the district court's common law authority to correct an illegal sentence, *Torres* leaves intact the possibility that other statutory or rule-based authority may permit the correction of an illegal sentence. *Torres*, 2012-NMCA-026, ¶ 38. In this case, however, the State does not point us to any other authority authorizing the correction of Defendant's sentence.

**{13}**   The State cites NMSA 1978, Sections 31-18-13(A) (1993) and 31-18-15(F) (2007) in support of its claim that the district court had jurisdiction to correct Defendant's

illegal sentence. Section 31-18-13(A) states in relevant part that "all persons convicted of a crime under the laws of New Mexico shall be sentenced in accordance with the provisions of the Criminal Sentencing Act[.]" Section 31-18-15, setting out the district court's sentencing authority, addresses the district court's obligations to consider the nature of a defendant's offense as follows:

> When the court imposes a sentence of imprisonment for a felony offense, *the court shall indicate whether or not the offense is a serious violent offense*, as defined in Section 33-2-34[.] The court shall inform an offender that the offender's sentence of imprisonment is subject to the provisions of Section[] 33-2-34, [NMSA, 1978 Section] 33-2-36 [2006)], NMSA 1978,] 33-2-37 [(2006)] and [NMSA 1978, 33-2-38 [(1915)]. If the court fails to inform an offender that the offender's sentence is subject to those provisions or if the court provides the offender with erroneous information regarding those provisions, the failure to inform or the error shall not provide a basis for a writ of habeas corpus.

Section 31-18-15(F) (emphasis added). Whether taken individually or together, nothing in these statutory provisions grants the district court jurisdiction to correct a defendant's illegal sentence.

**{14}** The State argues in the alternative that the district court had authority to correct Defendant's sentence, pursuant to Rule 5-113 NMRA. Rule 5-113(A) provides:

> Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, *unless refusal to take any such action appears to the court inconsistent with substantial justice*.

(Emphasis added.) The State argues that a refusal to correct Defendant's sentence would be "inconsistent with substantial justice."

**{15}** In its answer brief, the State cited several cases to support its Rule 5-113(A) argument. The most persuasive of these is *State v. Abril*, where, in this Court's discussion of the State's "constitutional right to appeal from a disposition contrary to law[,]" we concluded that "[a] judgment and sentence that improperly omits a determination that the defendant was convicted of a serious violent offense has the potential to dramatically and unlawfully reduce the amount of actual imprisonment to which a defendant will be subjected by allowing the defendant to accrue meritorious deductions not contemplated by the [L]egislature." 2003-NMCA-111, ¶ 22, 134 N.M. 326, 76 P.3d 644, *overruled on other grounds by Torres*, 2012-NMCA-026, ¶ 38.

**{16}** Notwithstanding the State's citation to these cases, there is no indication in the record that the State raised, nor that the district court considered or found, that this

omission was "inconsistent with substantial justice." Thus, the State's argument is unavailing. *See* Rule 5-113(A) (providing that error is not grounds for modifying or disturbing a judgment or order "unless refusal to take any such action *appears to the court* inconsistent with substantial justice").

**{17}** The State argues in the alternative that the district court had authority to correct Defendant's sentence pursuant to Rule 5-113(B) NMRA. Rule 5-113(B) authorizes the district court to, at any time, correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." As this Court has explained, a "clerical error" is "an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *Stejskal*, 2018-NMCA-045, ¶ 13 (alterations and internal quotation marks, and citation omitted). In light of the substantive findings required to designate a defendant as a "serious violent offender," *see Scurry*, 2007-NMCA-064, ¶ 6, we are not persuaded the district court's failure to indicate whether or not Defendant committed a serious violent offense was a clerical error.

**{18}** The State has provided no additional statutory or rule-based authority for the district court's exercise of jurisdiction, and we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We conclude the district court was without jurisdiction to correct Defendant's sentence.

**CONCLUSION**

**{19}** We reverse and remand with instructions to deny the State's motion and reinstate Defendant's original sentence.

**{20}   IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**I CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**LINDA M. VANZI, Judge (dissenting).**

**VANZI, Judge (dissenting).**

**{21}** I disagree with the majority's conclusion that the district court lacked jurisdiction to correct Defendant's sentence and therefore dissent. I analyze the issue as follows.

**A.      The Procedural Statutes At Issue**

**{22}**   Section 33-2-34 enumerates criteria for determining the eligibility of a prisoner confined in a correctional facility for "earned meritorious deductions." Section 33-2-34[2] provides that a prisoner is not eligible for such deductions under certain circumstances, including if the prisoner "is confined for committing a serious violent offense and is within the first sixty days of receipt by the corrections department[.]" Section 33-2-34(F)(3). Section 33-2-34 also defines "serious violent offense" to include "any of the following offenses, when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense for the purpose of this section[,]" . . . first, second and third degree abuse of a child, as provided in Section 30-6-1[.]" Section 33-2-34(L)(4)(o)(9).

**{23}**   The requirement that the district court "indicate whether or not the offense is a serious violent offense" is stated in Section 31-18-15(F), as follows: "When the court imposes a sentence of imprisonment for a felony offense, the court shall indicate whether or not the offense is a serious violent offense, as defined in Section 33-2-34[.]"

## B.   Rule 5-801

**{24}**   In 2009, Rule 5-801 stated, in pertinent part, as follows:

> A.   Correction of sentence. The court may correct an illegal sentence at any time pursuant to Rule 5-802 . . . and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence.

> B.   Modification of sentence. A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed[.]

## C.   The State Timely Filed the Motion To Correct the Sentence

**{25}**   The district court's May 20, 2009 judgment, sentence, and commitment recited that a jury convicted Defendant of the first-degree felony offense of child abuse (intentional) resulting in great bodily harm, in violation of Section 30-6-1(E) and imposed Defendant's sentence. Pursuant to Section 33-2-34(L)(4)(o)(9), Defendant's offense of conviction is one the district court may judge to be a "serious violent offense." Pursuant to Section 31-18-15(F), the district court was required to "indicate," when imposing Defendant's sentence, "whether or not the offense is a serious violent offense." There is no dispute about any of this. Nor does Defendant argue that the district court abused its discretion by finding in its amended judgment and sentence, filed August 30, 2010, that Defendant committed a serious violent offense "when he intentionally placed the child in scalding hot water."

**{26}**   According to Defendant, "[t]he key question in this appeal is whether the trial court judge had jurisdiction to modify [Defendant]'s sentence over a year after it had

---

2All statutes quoted herein are the 2009 versions.

been imposed when . . . the sentence was not an 'illegal sentence' " but rather was "legal on its face." He argues that "there was no statutory mandate that his crime be designated as a serious violent offense"; "[t]he judge retained discretion over whether or not to make such a finding"; "[t]he fact that the judge did not publicize his determination one way or the other at the initial sentencing did not make the sentence within legal limits suddenly unlawful"; "the sentence was not unlawful on its face but rather was imposed in an unlawful manner"; and the district court imposed the original sentence "in an illegal manner by failing to comply with the procedural statute[.]" Defendant's sole argument that the district court lacked authority under Rule 5-801 to modify the sentence is that the amended order did not enter within 90 days and so must be deemed denied. I agree with Defendant that the original sentence was a legal sentence imposed in an illegal manner (as discussed further below), but disagree with Defendant to the extent he contends that the district court's delay means that the court lacked jurisdiction to enter the amended sentence and judgment, or that the motion must be deemed denied.

**{27}**    The State filed the motion and a request for hearing within the 90 days required by Rule 5-801(B), a time limit incorporated into Rule 5-801(A). The State also followed up with multiple requests for a hearing after the district court repeatedly noticed and then failed to hold the hearing requested by the State. I see no basis for holding the State responsible for the district court's delay in holding a hearing and entering the amended judgment and sentence. Furthermore, as the State explains, the Defendant's "deemed denied" argument fails, given that a 2009 amendment to Rule 5-801, in effect when the State's motion and the amended judgment and sentence were filed, deleted a provision stating that "the court shall determine the motion within ninety days after the date it is filed or the motion is deemed to be denied." *See* Rule 5-801 Ann. ("The 2009 amendment, approved by Supreme Court Order 09-8300-006, effective May 6, 2009, in Paragraph B, deleted the last sentence, which provided that the court shall determine the motion within ninety days after the date it is filed or the motion is deemed to be denied.").

### D.    The Original Sentence Was Imposed in an Illegal Manner

**{28}**    The Majority characterizes the State's argument as "Defendant's sentence was illegal," Maj. Op. ¶ 4, and concludes that "the State is correct." *Id.* I disagree with both the characterization and the conclusion. The State never describes the original sentence as "illegal," but rather as "the sentencing defect[,]" "the defect," an "invalid" sentence, and "an 'error in the record arising from oversight or omission' such as Rule 5-113(B) describes." The State's efforts to avoid characterizing the district court's original sentence as an "illegal sentence" reflect its apparent recognition that the 2009 version of Rule 5-801(A) authorizes courts to correct an illegal sentence "pursuant to Rule 5-802[,]" which "governs the procedure for filing a writ of habeas corpus by persons in custody or under restraint[,]" and that Rule 5-802, by its terms, does not apply to the State.

**{29}** The State's Rule 5-801(A) argument focuses on a plea for reconsideration and modification of the conclusion in *Torres*, 2012-NMCA-026, ¶ 37, that "Rule 5-801(A), as amended by the Supreme Court, abrogated the common law principle that a district court has inherent and unlimited jurisdiction to correct illegal sentences," contending that this interpretation "unreasonably limits district court jurisdiction to correct an invalid sentence." I agree with the majority's conclusion (although not completely with its analysis) that the State has presented no basis warranting reconsideration of *Torres*. In my view, however, *Torres* does not bar the district court's amended judgment and sentence, as it does not require the conclusion that the original sentence in this case was an "illegal sentence" and it does not control analysis of the question whether the original sentence was imposed in an "illegal manner."

**{30}** *Torres* discussed at length the history of Rule 35 of the Federal Rules of Criminal Procedure and its relationship to Rule 5-801, explaining that New Mexico has "follow[ed] the federal lead" in adopting rules "virtually identical to federal Rule 35." 2012-NMCA-026, ¶¶ 17-27; *see also* Rule 5-801 Comm. cmt. (explaining that the rule "was originally drafted to be substantially the same as Rule 35 of the Federal Rules of Criminal Procedure"). In *Hill*, 368 U.S. at 430, the United States Supreme Court held that the sentence in that case was not "illegal" because "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *See id.* at n.9 (comparing the sentence in *Hill* with a sentence that was "illegal on its face" because it "involved the imposition of separate consecutive sentences for a single offense").

**{31}** *Hill*'s view of what constitutes an "illegal sentence" has been applied in many cases. *See*, *e.g.*, *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997) (explaining that an "illegal sentence" is "one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize") (internal quotation marks and citation omitted)); *State v. Sieler*, 1996 S.D. 114, ¶ 7, 554 N.W.2d 477, 480 (applying rule similar to Rule 5-801, as it read in 2009; holding that illegal sentences are ones that "exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory" (internal quotation marks and citation omitted). In *Dougherty*, the Tenth Circuit Court of Appeals rejected the defendant's argument that his sentence was "illegal," stating that "his pleadings do not contend the sentence is unauthorized by the judgment of conviction, or otherwise falls within the definition of an illegal sentence" and that the "assertion that the district court should have made an express finding as to his ability to pay the ordered restitution challenges the legality of the method in which the sentence was imposed, rather than the legality of the sentence itself." 106 F.3d at 1515.

**{32}** I view the omission of a discretionary finding the district court was required to include in imposing Defendant's sentence to be analogous to the omission in *Dougherty*. No argument is made here that the sentence was "in excess of that

prescribed by the relevant statutes," or that "multiple terms were . . . imposed for the same offense," *Hill*, 368 U.S. at 430, and no argument is made that the omission of the required finding was anything other than a "procedural deficienc[y] in . . . sentencing by the district court." *Aqui*, 1986-NMSC-048, ¶ 8. To the contrary, as discussed above, Defendant argues, explicitly and emphatically, that the error in the original sentence was procedural only.

**{33}** The sentences in *Torres* and *Harris* are materially different from the original sentence imposed in this case. In *Torres*, the district court's "legal errors in ordering [the d]efendant's sentence . . . resulted in an unlawfully light term of imprisonment." 2012-NMCA-026, ¶ 1. This Court held that the sentence at issue (for escaping from prison) was "illegal" because Section 31-18-21(A) required the district court to sentence [the defendant] for "committing a felony while incarcerated and enhance that sentence according to Section 31-18-17(C) for his status as a habitual offender[,]" *Torres*, 2012-NMCA-026, ¶ 7, and the court violated 31-18-21(A) and precedent interpreting that statute to require that "the sentence imposed shall be consecutive to the sentence being served" by "ordering[the d]efendant to serve his escape sentence concurrently to his last prior conviction." *Torres*, 2012-NMCA-026, ¶ 8 (alteration, internal quotation marks, and citation omitted). In *Harris*, "[o]nce it was determined that defendant was an habitual offender," defendant's previous sentence "was no longer an authorized sentence because supplanted by the enhanced sentence mandated for an habitual offender." 1984-NMCA-003, ¶ 7.

**{34}** *Scurry*, cited by the majority, does not require a different conclusion. *Scurry* addressed the defendant's contention that "the district court's findings were insufficient to support its conclusion that the offenses were serious violent offenses under the [Earned Meritorious Deduction Act]." 2007-NMCA-064, ¶ 4. As noted above, Defendant makes no such argument here.

**{35}** I respectfully dissent.

**LINDA M. VANZI, Judge**