This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 31,945**

**GARY MAYLON SANDERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**William H. Brogan, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Gary Sanders
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant, Gary Maylon Sanders, appearing pro se, appeals from the district court's denial of his motion to reconsider sentence. The district court concluded it lacked jurisdiction to consider the motion because it was not timely filed pursuant to Rule 5-801(B) NMRA. We affirm.

**BACKGROUND**

Pursuant to a plea and disposition agreement dated June 19, 2006, Defendant pled no contest to multiple offenses and admitted to having a prior felony conviction. He was sentenced on October 6, 2006, to a term of 20 years' imprisonment. Defendant filed an amended petition for writ of habeas corpus on June 23, 2009, which the district court denied on September 15, 2011. Defendant filed a petition for writ of certiorari with the New Mexico Supreme Court, which the Supreme Court denied on October 25, 2011. On November 18, 2011, Defendant filed a motion to reconsider sentence in the district court pursuant to Rule 5-801. The State argued Defendant's motion was untimely pursuant to Rule 5-801(B). The district court denied Defendant's motion, concluding that the motion was untimely, and it therefore lacked jurisdiction. Defendant challenges this determination on appeal.

**DISCUSSION**

"We review de novo the legal question of whether a trial court has jurisdiction in a particular case." *State v. Torres*, 2012-NMCA-026, ¶ 11, 272 P.3d 689, (internal quotation marks and citation omitted), *cert. granted*, 2012-NMCERT-003, ___ P.3d ___.

> We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes. According to those rules of construction, our overarching goal is to determine the underlying intent of the drafters, and we begin that task by parsing the plain language of the rule.

*Id.* ¶ 12 (internal quotation marks and citations omitted).

The district court determined it lacked jurisdiction to consider Defendant's motion for reconsideration under Rule 5-801(B). This rule states, in pertinent part:

> A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, *or within ninety (90) days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction.*

Rule 5-801(B) (emphasis added). Defendant contends that his motion to reconsider sentence was timely because it was filed within ninety days of the Supreme Court's order denying his petition for writ of certiorari, which is "any order" within the meaning of Rule 5-801(B). The State contends the motion was untimely because the Supreme Court's order denying Defendant's petition for writ of certiorari is not an

3

"order . . . denying review of, or having the effect of upholding, a judgment of conviction." We agree with the State.

An order of the Supreme Court denying a petition for a writ of certiorari from a habeas corpus petitioner is not an order triggering the Rule 5-801(B) clock. The phrase "any order" in Rule 5-801(B) cannot be read independently from the clause in which it is contained. This phrase is qualified by the language "denying review of, or having the effect of upholding, a judgment of conviction" and must be read in conjunction with that language. Rule 5-801(B). Thus, as relevant here, the triggering event for the Rule 5-801(B) clock is the "entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction." An order denying a petition for writ of certiorari in a habeas proceeding is neither an order denying review of a judgment of conviction, nor an order having the effect of upholding a judgment of conviction.

This interpretation is bolstered by our review of Rule 5-801(B) as a whole. The rule identifies two additional events triggering the Rule 5-801(B) clock: imposition of sentence and "receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal[.]" Rule 5-801(B). These two events are clearly tied to a defendant's sentence and direct appeal; they do not extend to a habeas corpus

4

petition. We believe the drafters intended for this entire rule, including the "any order or judgment" language relied upon by Defendant in this case, to limit a defendant to seeking modification of his sentence within a time frame triggered by events relating to his original sentence and his direct appeal.

Defendant cites *State v. Ervin*, 2002-NMCA-012, 131 N.M. 640, 41 P.3d 908, in support of his reading of Rule 5-801(B). In *Ervin*, we declined to consider the defendant's argument that the sex offender registration requirement imposed on him was unconstitutional and noted that the defendant could still raise the issue in the district court pursuant to Rule 5-801(B). *Ervin*, 2002-NMCA-012, ¶ 25. *Ervin* involved a direct appeal, not a petition for habeas corpus, *see id.* ¶ 1, and thus is inapposite. The fact that the defendant in *Ervin* may have had recourse under Rule 5-801(B) does not mean Defendant is entitled to recourse here. Under the plain language of Rule 5-801(B), Defendant's motion to reconsider sentence was not timely filed and, therefore, the district court lacked jurisdiction to consider it.

**CONCLUSION**

We affirm the district court's denial of Defendant's motion to reconsider sentence.

**IT IS SO ORDERED.**

5

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**