This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39002**

**AMANDA SCOTT, on behalf of her
minor child, Manuel G.,**

      Petitioner-Appellee,

v.

**ABELICIO GONZALES,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY
Amanda Sanchez Villalobos, District Judge**

Amanda Scott
Grants, NM

Pro Se Appellee

Aarons Law Firm PC
Stephen D. Aarons
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Respondent appeals from the district court's order denying his objections to the six-month domestic violence order of protection entered against him and in favor of his son (Child). Unpersuaded that Respondent established error, we issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm.

**{2}** On appeal, Respondent challenges the sufficiency of the evidence to support the six-month order of protection. Respondent's docketing statement provided this Court with an incomplete statement of the evidence, which generally favored Respondent and was presented in a rather disjointed and confusing manner. [DS 4-6] This statement of facts recounted some directly conflicting testimony and some marginally inconsistent testimony that was presented to the domestic violence commissioner (commissioner). [DS 4-6] At the heart of the appeal is the docketing statement's claim that Child testified that Respondent put his hand on Child's wrist, rather than Child's neck, testimony that the docketing statement suggested was in conflict with other testimony from Child. [DS 5] The docketing statement also indicated that Child testified that Respondent never hit him and probably did not cause his nosebleed, which we do not understand to be in any direct conflict with Child's other testimony or the findings. [DS 5-6] The docketing statement also suggests that Child testified that Respondent made Child delete the photographs of any injury he had from the incident. [DS 5]

**{3}** Our notice proposed to affirm the issuance of a six-month protective order on grounds that "[i]t is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, and we, as the reviewing court, do not weigh the credibility of live witnesses." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted). [CN 3]

**{4}** Respondent's memorandum in opposition does not provide a new or clearer statement of facts and changes course from the docketing statement by claiming that the evidence presented that Respondent put his hand around Child's neck was Child's prior inconsistent statement that was unsworn and therefore constitutes inadmissible hearsay. [MIO 2-4] The memorandum in opposition does not explain how this unsworn, prior inconsistent statement was introduced into evidence, does not provide us a complete or clearer understanding of all testimony and evidence presented, and does not directly respond to this Court's reliance on Respondent's own representations in the docketing statement that Child's testimony conflicted with his other testimony. [CN 3; DS 5] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Respondent's memorandum in opposition now focuses on arguments under our hearsay rules and related case law and contends that the unsworn, prior inconsistent statement can only be admitted for impeachment purposes and should not be considered as substantive evidence. [MIO 2-4] This asserts a new argument, which we treat as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition).

**{5}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely;

(2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{6}**     The combined memorandum in opposition and motion to amend should satisfy all or most of the factors set forth in *Rael* in order to show good cause, but in this case it does not address or satisfy any of them. First, the combined memorandum in opposition and motion to amend was not timely filed. A motion to amend will be considered timely when filed "prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the summary calendar." *Rael*, 1983-NMCA-081, ¶ 8. Rule 12-210(D)(2) requires a memorandum in opposition to be filed within twenty days of this Court's calendar notice. The combined memorandum in opposition and motion to amend was filed sixty days after this Court's calendar notice and no extension was requested or given. Thus, it is untimely.

**{7}**     Second, as we explained above, the memorandum in opposition does not provide us with a summary of all the testimony and evidence presented; it does not explain what and how evidence was presented that Respondent put his hand around Child's neck; nor does it address the discrepancy between the representations in the docketing statement and the memorandum in opposition about the testimony presented. Thus, we cannot be certain that the evidence supports the issue Respondent now seeks to raise or that it supports prejudicial error. We have explained that the requirement appellants to satisfy their burden to state all facts material to the consideration the late-raised issue applies "with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend." *Rael*, 1983-NMCA-081, ¶ 10.

**{8}**     Third, Respondent does not explain whether or how he preserved the claim that Child's unsworn, prior inconsistent statement was inadmissible hearsay. Respondent's objections to the order of protection in the record proper indicate that Respondent did not preserve this claim. [RP 37-39] Respondent also does not explain why this hearsay argument can be raised for the first time on appeal, other than his apparent attempt to disguise it as a continuation of his challenge to the sufficiency of the evidence. Indeed, the case upon which Respondent relies for the proposition that a directed verdict should have been entered when there was insufficient evidence without reference to the prior statement—*State v. Gutierrez*, 1998-NMCA-172, 126 N.M. 366, 969 P.2d 970, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, n.6, 275 P.3d 110—does not support this asserted proposition. [MIO 3] Instead, *Gutierrez* involved a similar hearsay claim that was preserved by motion in limine and by submission of a curative instruction. *See id.* ¶¶ 6-8. This Court reviewed the preserved error for

prejudice by closely examining all the evidence and concluded that failure to give the limiting instruction was not harmless. *Id.* ¶¶ 8, 11-14.

**{9}** We also note that Respondent makes no attempt to contend that the alleged admission of the prior inconsistent statement was plain or fundamental error, and, as we have stated, Respondent does not provide us with an adequate understanding of the evidence to assess the impact of the alleged error. *See State v. Abril*, 2003-NMCA-111, ¶ 14, 134 N.M. 326, 76 P.3d 644 (explaining that because plain error is broader than fundamental error and constitutes an "exercise of remedial discretion," it must be briefed by the appellant to justify our discretion to redress the unpreserved error (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Torres*, 2012-NMCA-026, ¶ 38, 272 P.3d 689; *see also State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (refusing to review a party's unpreserved argument when counsel made no argument on appeal regarding the exceptions to the preservation requirement).

**{10}** For these reasons, Respondent does not satisfy the requirements for amending the docketing statement to add the new hearsay contention he raises in his memorandum in opposition, and we do not address it further. In the absence of a claim that the evidence was inadmissible hearsay, what remains is conflicting evidence about the incident allegedly involving excessive discipline that caused Child severe emotional distress, which we do not reconcile or reweigh on appeal. *See Casias Trucking*, 2014-NMCA-099, ¶ 23. The acts found by the commissioner of excessive discipline and causing emotional distress fall within the definition of domestic abuse, both of which are statutory grounds for the entry of an order of protection, and there is no argument to the contrary. [RP 26] *See* NMSA 1978, § 40-13-2(D)(2)(b),(I) (2019) (defining "domestic abuse"); NMSA 1978, § 40-13-5(A) (2019) ("Upon finding that domestic abuse has occurred or upon stipulation of the parties, the court shall enter an order of protection[.]").

**{11}** For the reasons set forth above and in our notice, we hold that sufficient evidence was presented to support the protective order and affirm.

**{12}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**