This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39861**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MAIAH MADRID-SCHLEICHER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals her conviction for voluntary manslaughter (firearm enhancement). We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend and a memorandum in opposition. We deny the motion to amend and affirm.

**Motion to Amend**

**{2}** Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 1, 15] In cases assigned to the summary calendar, this Court will grant a

motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant seeks to add the issue of whether her right to a fair trial was violated by the admission of portions of a police lapel video that included background audio of the decedent's partner screaming. [MIO 1] In effect, Defendant is arguing that the district court should have excluded this portion of the audio because it was inflammatory. [MIO 15] Defendant indicates that this was raised in a motion for a mistrial. [MIO 15-16] Defendant's evidentiary challenge was therefore untimely, and Defendant has not established that fundamental error or plain error has occurred. *See State v. Abril*, 2003-NMCA-111, ¶ 12, 134 N.M. 326, 76 P.3d 644 (observing that "error may not be predicated upon a ruling admitting evidence in the absence of a timely and specific objection" and illustrating that objection raised in the form of a motion for mistrial is untimely and a defendant must show plain error or fundamental error (emphasis omitted)), *overruled on other grounds by State v. Torres*, 2012-NMCA-026, ¶ 38, 272 P.3d 689. Nor has Defendant established that the denial of her motion for a mistrial was an abuse of discretion. *See State v. Samora*, 2013-NMSC-038, ¶ 22, 307 P.3d 328 (reviewing the denial of a motion for mistrial for an abuse of discretion). We therefore deem the issue not to be viable.

**Continuance**

**{4}** Defendant contends that the district court erred in denying her request for a continuance. [DS 6] We review a district court's denial of a motion for a continuance under an abuse of discretion standard. *See State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135.

**{5}** Courts should consider several factors in evaluating a motion for continuance, "including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion." *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. When the district court's denial of the motion does not follow a logical application of these factors to the facts of the case, the district court has committed an abuse of discretion. *See State v. Gonzales*, 2017-NMCA-080, ¶ 32, 406 P.3d 534.

**{6}** Here, Defendant requested a sixty-day continuance, noting changes to the physical layout of the courtroom, the COVID precautionary measures in place, the reluctance of jurors to serve during this period, and the prospect of vaccinations becoming available. [DS 3]

**{7}** We conclude that Defendant has not shown the requested delay would have accomplished the asserted objectives, specifically given the ongoing presence of the COVID threat and the emergency protocols mandated by the Governor and the New Mexico Supreme Court. The district court could rationally conclude that any significant changes were unlikely to occur by the end of the sixty-day period. In addition, any prejudice resulting from the ruling is purely speculative. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (stating that an assertion of prejudice is not a showing of prejudice).

**{8}** In her memorandum in opposition, Defendant argues that the denial of the continuance had the effect of violating her right of confrontation because masks and other protocols limited face-to-face interactions with witnesses. [MIO 10-12] However, as Defendant concedes [MIO 10], this Court has held that the use of these protocols, including the use of masks, does not violate the right of confrontation when considered in the context of the COVID pandemic. *State v. Jesenya O.*, 2021-NMCA-030, ¶ 58, 493 P.3d 418. We decline Defendant's request not to rely on *Jesenya O.* pending any possible changes to case law on the matter.

**Toxicology Results**

**{9}** Defendant continues to challenge the exclusion of the toxicology results of the decedent's autopsy, which allegedly showed high levels of methamphetamine and methadone. [MIO 12] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

**{10}** Defendant claims that the toxicology results were relevant to the claim of self-defense. [MIO 12] The self-defense claim was based on some evidence that the decedent armed herself with a firearm during the confrontation with Defendant. [RP 333-34] Defendant's claimed fear stemmed from the decedent's possession of a gun. To the extent Defendant also wanted to claim that the decedent's level of drug consumption amplified this fear, there was no evidence that Defendant had knowledge the decedent was impaired; nor did Defendant produce an expert who would testify that the levels of drugs in the decedent's body would have created a threatening demeanor. In addition, the State indicated the doctor who performed the autopsy was expected to testify that the decedent had methamphetamine in her system, so the jury was able to consider the decedent's drug consumption for purposes of the self-defense claim. [RP 254, 261] Given the limited relevance, if any, of the specifics of the decedent's toxicology results, we conclude that Defendant has not established an abuse of discretion. *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (stating that "[a]n abuse of discretion occurs when the ruling is clearly against the logic

and effect of the facts and circumstances of the case" (internal quotation marks and citation omitted)).

**In-Court Identification**

**{11}** Defendant continues to claim that the district court erred in requiring her to stand and remove her mask for identification purposes at trial. [MIO 17]

**{12}** Physical characteristics of a defendant are not testimonial evidence. *See State v. Gallegos*, 1993-NMCA-046, ¶ 5, 115 N.M. 458, 853 P.2d 160. Requiring a defendant to display identifying characteristics does not violate the Fifth Amendment because the right against self-incrimination does not include an individual's identifying physical characteristics. *Id.* Accordingly, we conclude that this issue does not have merit.

**{13}** For the reasons set forth above, we affirm.

**{14} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**